## T. E. Dittfurth v. The State.

### No. 2653. Decided April 27, 1904.

**1.—Transcript from District to County Court.**

When the State has shown that a case bearing a particular number was returned into the district court for the offense of "selling liquor to a minor," and this particular number charging the same offense was transferred to the county court, the burden cast on the State to show that the particular case was transferred was sufficiently discharged, in the absence of some further showing of a variance on part of the defendant.

**2.—Evidence—Previous Sales—Selling Liquor to Minor.**

Unless previous sales tend to show knowledge of minority of prosecutor on the part of defendant charged with selling liquor to a minor, or some circumstances in connection with such sales which put defendant on inquiry of prosecutor's minority, they are not admissible in evidence.

**3.—Same—Appearances Indicating Minority.**

While it was permissible to show by witness the facts connected with the prosecutor's personal appearance, as indicating whether he appeared to be a minor, it was not competent to show that from the physical appearance of prosecutor at a certain time he did not seem to be such person as that a prudent man would have taken him to be a minor at that time.

Appeal from the County Court of Karnes. Tried below before Hon. A. J. Parker.

Appeal from a conviction of illegally selling liquor to a minor; penalty, a fine of $25.

The opinion states the case.

*J. C. Goode,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—On ques-

tion of transfer of case: Forbes v. State, 35 Texas Crim. Rep., 24; Tellison v. State, Id., 388; Malloy v. State, Id., 389. On question of physical appearance of prosecutor: Garner v. State, 28 Texas Crim. App., 561; Walker v. State, 25 Texas Crim. App., 448.

HENDERSON, JUDGE.—Appellant was convicted of illegally selling whisky to a minor, and his punishment assessed at a fine of $25; hence this appeal.

Appellant filed a motion in the nature of a plea to the jurisdiction of the court, or to dismiss the case, on the ground that there was no sufficient transfer of the indictment from the district to the county court. Outside of the bill of exceptions, the record does not contain any order of transfer from the district to the county court. The ground of the motion appears to be that there is no sufficient designation of this cause in the order of transfer. We copy the order, as contained in the bill, omitting the proceedings relating to the presentation of the bill by the grand jury in the district court. It is as follows: "March 7th, 1903.—It appearing to the court from an inspection of the indictments, that this court has no jurisdiction of the following 28 cases, to wit: the same being misdemeanors, and the county court has jurisdiction of the same, it is ordered that they be and the same are hereby transferred to the county court. The State of Texas vs. ———, No. 1806, selling liquor to minor; and 27 others." While said order does not state the transfer made to the County Court of Karnes County, Texas, we hold that this does not vitiate the order. From the recitations, it is sufficiently certain that the transfer was made to said County Court of Karnes County. The other objection appears to be, that it is not sufficiently certain that the case on trial was No. 1806 in the district court; that it might have been one of the twenty-seven other cases. It does appear in the preceding portion of the order, relating to proceedings in the district court, that No. 1806, entitled State of Texas vs. ———, selling liquor to minor, was one of the cases returned into court; and as shown above No. 1806, entitled State of Texas vs. ———, selling liquor to minor, was transferred. We take it that, if this was not the particular case numbered in the district court 1806, which was the one transferred, and was numbered in the county court 1069, then this matter should have been more definitely shown in the bill of exceptions. That is, while the burden is on the State to show that the particular case was ordered transfered, yet when it was shown that a case bearing a particular number, to wit, 1806, was returned into the district court, and that this was for the offense of "selling liquor to a minor," and that this particular number, charging the same offense, was transferred to the county court, the burden cast on the State was sufficiently discharged, in the absence of some further showing of a variance on the part of appellant. It is not necessary in this order to mention that twenty-seven other cases were transferred; and in the absence of this recitation there could be no question. We will not assume that this was

one of the twenty-seven cases not numbered or otherwise designated. It has been held that in the transfer of cases a general order, giving the numbers in the district court and character of offense, is sufficient; and that a particular order is not necessary in each case. See Forbes v. State, 35 Texas Crim. Rep., 24; Tellison v. State, Id., 388; Malloy v. State, Id., 389. When this case got into the county court it was given another number in that court. See art. 473, Code Crim. Proc.

The State was permitted, over the objections of appellant, to show by the witness Dave Lyons (who was prosecutor) that he had bought liquor from defendant in his saloon on several occasions previous to the time alleged in the indictment, and for which he was then on trial. This was objected to on the ground that the testimony relating to separate and distinct offenses than the one alleged in the indictment, tended to prejudice defendant's case before the jury. The court explains the admission of this testimony, as follows: "When said evidence was admitted, the court specially instructed the jury not to regard the evidence for any other purpose than that of intent on the part of defendant; that said evidence could not be considered to in any way establish the fact of the sale for which defendant is on trial." The only contention on this trial being a want of knowledge on the part of appellant that prosecutor was then a minor, we presume the judge means by his explanation that he admitted the testimony as tending in some way to prove knowledge on the part of appellant as to the minority of the prosecutor. It was not a question of intent but a question of knowledge merely. How the previous sales tended to show knowledge of minority of prosecutor on the part of appellant is not manifest. If in connection with the previous sales some circumstances had been shown that put appellant on inquiry, then the testimony might have been admissible. As presented it occurs to us that the testimony should not have been admitted, and was calculated to prejudice appellant with the jury.

With reference to the fourth bill of exceptions, we would observe that it was permissible to show by witnesses the facts connected with the prosecutor's personal appearance, as indicating whether he appeared to be a minor. But it was not competent to show that from the physical appearances of prosecutor Dave Lyons on December 24th, he did not seem to be such person as that a prudent man would have taken him to be a minor at that time. The court, in explanation to this bill, says that he permitted the witness to state, from the physical appearances of Dave Lyons in December, 1902, they would take him to be a minor between 18 and 20 years of age. This conclusion of the witnesses might have been permissible, if in connection therewith they had stated facts which indicated his minority. See authorities collated in secs. 674 and 676, White's Ann. P. C..

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*