## M. E. Melton v. State.

### No. 1112. Decided October 18, 1911.

**1.—Theft of Mules—Continuance—Want of Diligence.**

Where defendant's application for continuance showed a want of diligence, and that the absent testimony was probably not true and only of an impeaching character, there was no error in overruling same.

**2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

Where defendant's bill of exceptions did not give the testimony, which the court refused to admit, nor show the status of the case and the other testimony so as to determine its admissibility, there was nothing to review.

**3.—Same—Evidence—Other Transactions.**

Where, upon trial of the theft of mules, the court admitted in evidence other similar transactions to the one with which defendant was charged, in order to show system, there was no reversible error. Following Ware v. State, 36 Texas Crim. Rep., 599, and other cases; and it was proper to limit this testimony to such purpose.

**4.—Same—Charge of Court—Words and Phrases.**

Where the charge of the court considered as a whole could not mislead the jury by leaving out the words "if any" in a certain section of the charge, there was no reversible error.

**5.—Same—Argument of Counsel.**

Where no charge was requested withdrawing the remarks of the State's attorney, there was no reversible error.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of theft of mules; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On insufficiency of evi-

dence: Marshall v. State, 31 Texas, 471; Moore v. State, 20 Texas Crim. App., 233; Atterberry v. State, 19 Texas Crim. App., 401.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for the theft of two mules, the property of E. C. Mitchell. He was convicted, and his penalty fixed at seven years confinement in the penitentiary.

In order that some of the questions may be better understood, we will give the substance of the testimony in this case. The prosecuting witness, Mitchell, the owner of the alleged stolen mules, lived at Barry in Navarro County, in September, 1910. On Friday, September 3, 1910, the appellant went to his house and engaged him, after some negotiations, to haul some household goods from Ennis to Barry, for his brother-in-law, Jones, agreeing to pay him $4.50 per day and all expenses. On the following Monday morning, appellant appeared at the residence of said prosecuting witness early in the morning, and as soon as they ate breakfast, started to Ennis in said witness' wagon, drawn by a very fine span of mules valued at $700. In the negotiation for the hauling, nothing was said by appellant about purchasing said witness'. mules, but on the way to Ennis he proposed to purchase the mules at the price of $700 asked therefor, and offered to pay the witness $20 as a part payment therefor. The witness refused this, but was finally induced by appellant "just to take the $20 as expense money." When offered this $20 as expense money the witness told him he needed no money for expenses as he had plenty of money with him for that purpose, but the appellant finally induced him to accept the $20 on the expense money. When they arrived at Ennis, the two in the wagon drove into a wagonyard and put up the team. The witness was driving when they went in. The appellant then took the witness out to supper, and while they were at supper the appellant left the witness and went to another wagonyard. Coming back to the witness in a few minutes, he informed him that he had a telephone message from Fort Worth, to the effect that his sister was at his house in Corsicana, and that she wanted him to go to Fort Worth and help her pack up and ship her household goods to Galveston; that she had married a traveling man, and that they were going to move to Galveston. He thereupon asked witness to go with him to Fort Worth; that he was paying him $4.50 a day and all expenses, and that they would go over there and stay at the hotel, as he could be of no service to him in Ennis while he was in Fort Worth. Thereupon the witness went with him to Forth Worth. Appellant took the witness to the Richelieu hotel, where they had breakfast. After breakfast, he told witness he would go out and see a man, and that he had to go to his house. Soon afterwards he came back and told witness he had found the man, and also there was a man there who owned some cattle,

and he wanted to see about some business with him; that he was going to look at the cattle, and left the witness for that purpose as stated by him, telling the witness that if he did not return to the hotel that evening, that he would be back the next evening, and for him not to feel uneasy. The witness remained at the hotel in Fort Worth as requested, until the following Wednesday night. He saw nothing more of the appellant, and on Thursday morning, returned to Ennis where he had left his mules. As soon as the appellant told the witness Tuesday morning at Fort Worth, that he had to go and see some cattle, as above stated, he (appellant) took the early train back to Ennis, and upon arriving there about noon, he secured the mules from the wagonyard where the witness and he had placed them and at once sold the mules, getting $500 cash. The witness never saw the appellant any more until after he was indicted, arrested and brought back for trial to Waxahachie, months afterwards.

Appellant made a motion for continuance on two grounds: First, because of the absence of a man whose name and address he did not know, but he undertook to describe him in his application. By this witness, the motion alleges that if present, he would have testified that the prosecuting witness, Mitchell, made the statement to him that he had sold the mules in question to the defendant. That said testimony was material, and would have contradicted the testimony of the prosecuting witness, Mitchell. That he had only been in jail a few days, and the court had appointed counsel to represent him just a day previous to the trial, and he had no opportunity to learn the name of said witness, and have the subpoena issued for him.

The other ground of the motion was that he was not given time to get a bill of sale that said prosecuting witness had given him at the time he purchased said mules from Mitchell; that the bill of sale was in the hands of either George Gray, at Mountain View, Oklahoma, or First National Bank at Chickasha, Oklahoma, or I. W. Gray at Edmond, Oklahoma, and if he had been granted a continuance, he could have had said bill of sale at the trial, which would have contradicted said prosecuting witness, Mitchell, who testified that he never gave defendant any kind of written instrument, but did admit that he had signed his name on a blank piece of paper at the request of the defendant.

The application for a continuance is not made a part of the bills of exception. The bills of exception which were taken and allowed, are presented as two separate bills. The court, in allowing the bills, makes this qualification as to the first: "Too indefinite, probably untrue, and impeaching." This applies to the claimed witness who had not been subpoenaed. To the other, this qualification is appended: "The indictment was returned in this case on October 11, 1910. The defendant was arrested in Greenville, and held there by the sheriff of Hunt County for quite a while, and was delivered to the sheriff of this

county on November 14, 1910, under a bench warrant, and placed in jail under this very charge, and no effort seems to have been made by him to secure the 'pretended' bill of sale." The court then refers this court to the application for a continuance.

We have examined the application for a continuance, which is copied in the record, though not made a part of either of the bills of exception thereabout. The court did not err in overruling this motion for continuance. As qualified by the judge, it showed no diligence. The testimony sought was, as stated in the bills, for the purpose of impeaching the prosecuting witness, and as stated by the court, the testimony of the unknown witness would probably have been untrue.

By another bill, complaint is made "that the court erred in admitting the testimony, over the objection of appellant, of Ed Shelton, S. F. Crook, and O. E. Davidson, who testified to transactions occurring outside of Ellis County, in, to wit: Falls and Bell Counties, in which they testified, in substance, that the defendant had stolen mules from them. That said testimony was irrelevant, immaterial, and highly prejudicial to the defendant; that it threw no light upon the case for which defendant was being tried, and only had the effect to inflame and prejudice the minds of the jury against the appellant." It will be seen by this bill that the testimony of neither of these witnesses is given; nor is the bill sufficient to inform this court of the status of the case, and the other testimony therein introduced, from which we can determine whether or not the testimony complained of was admissible.

The court, in allowing the bill, states: "The foregoing bill is allowed, though with doubt as to whether it is full enough to advise the higher court as to the matters complained of. This was one of the few cases which, in my judgment, will permit the State to show other transactions of a similar character. The transactions with the witnesses named were almost identical with the one for which defendant was being tried, and the defendant's defense being that he had purchased the mules in good faith, evidence of the other transactions was admitted to show the defendant's intent and system."

It was well said by Judge Davidson for this court in the case of Ware v. State, 36 Texas Crim. Rep., 599: "We have heretofore held and still hold that it is permissible, when tending to establish identity, intent or to develop the res gestae, to prove contemporaneous crimes; and this can be done also when the object is to show system in crime." . . . On this same point we cite Davison v. State, 12 Texas Crim. App., 218; McKinney v. State, 8 Texas Crim. App., 626; Blackwell v. State, 29 Texas Crim. App., 194; Leeper v. State, 29 Texas Crim. App., 63; Morris v. State, 30 Texas Crim. Rep., 95; Welhousen v. State, 30 Texas Crim. Rep., 623, and the cases under section 1074, page 690, of White's Annotated Code of Criminal Procedure. Clearly, this bill does not show any error on the part of the court.

The court, in his charge to the jury, instructed the jury not to

consider the testimony of the witnesses above enumerated, except for the purpose of determining whether the defendant had some system of operations, and to determine the intent with which defendant acted with reference to the property for the alleged theft of which he is on trial, and that they could not consider it for any other purpose whatever. Complaint is made by the appellant that the court erred in this respect, because it was upon the weight of the testimony prejudicial to appellant, called the minds of the jury to other transactions, and unduly stressed the testimony of said witnesses and inflamed the minds of the jury. There was no error in this. It probably would have been error for the court not to have given such a charge.

Another complaint by appellant is a criticism of another clause of the charge of the court, wherein it is claimed that the charge should have used in a certain section, the words "if any." We have examined the charge of the court in full, and this, if error, was not material, and could not have had any influence against the appellant.

The only other complaint is a bill complaining of the remarks of the county attorney in his argument to the jury, wherein it is alleged he stated: "So far as he knew, the defendant might be guilty of thirty or forty transactions just like the one for which he was being tried," because said remarks were highly prejudicial to the appellant, and especially so in view of the fact that the court had permitted testimony of other transactions to go before the jury; that said remarks inflamed the minds of the jury unduly against the defendant, although the court had instructed the county attorney to stay within the record."

In allowing this bill, the court states that no charge was asked withdrawing the remarks of the county attorney. As no charge was asked withdrawing it, we take it that what did occur, was not thought of sufficient importance at the time to cause the appellant's attorneys to ask a special charge, and in the absence of such special charge, there was no error.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.