### GUY McGEE v. STATE.

No. 2168.          Decided March 12, 1913.

Rehearing denied April 2, 1913.

**1.—Theft—Evidence—Identification.**

Upon trial of theft, there was no error in admitting evidence to identify the alleged stolen belting by the way it had been mended.

**2.—Same—Evidence—Value.**

Where the alleged stolen belting was identified, there was no error in showing by experienced gin men the value thereof.

**3.—Same—Evidence—Res Gestae.**

Upon trial of theft of certain gin belting, there was no error in permitting the officers who held a search warrant to search defendant's house, to show that this house was pointed out to them; that they found and identified the belting; that defendant's hands were greasy from handling the same, and that he requested the officers to carry him to this house where he washed his hands and changed his clothing; it being shown that defendant occupied this house a few days before the theft and had his goods there.

**4.—Same—Charge of Court—Alibi.**

Where defendant claimed an alibi upon trial of theft, and the court gave a proper charge thereon, there was no error.

**5.—Same—Charge of Court—Explanation—Recent Possession.**

Where defendant, at no time, gave any explanation of his recent possession of the alleged stolen property and the court instructed the jury on circumstantial evidence, there was no error in the court's failure to charge on explanation of recent possession.

Appeal from the District Court of Mitchell. Tried below before the Hon. Roayll G. Smith.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. G. Thurmond* and *M. Carter*, for appellant.—On question of admitting evidence as to acts of officers in taking defendant to the house where property was found and what occurred there: Nolen v. State, 14 Texas Crim. App., 474; Wade v. State, 48 Texas Crim. Rep., 512; 90 S. W. Rep., 503; Bennett v. State, 48 S. W. Rep., 61; Jones v. State, 17 S. W. Rep., 1080.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of value: Cooksie v. State, 26 Texas Crim. App., 72.

On question of failure to charge on possession: Young v. State, 54 Texas Crim. Rep., 560.

HARPER, JUDGE.—Appellant was prosecuted under an indictment charging him with burglary and theft; he was convicted of theft of property over $50 in value, and his punishment assessed at two years confinement in the penitentiary.

About three o'clock on the 10th day of May, 1911, appellant was seen at Buford, in Mitchell County, where the Bedford gin was located, in a two horse wagon; between that hour and day light the next morning the belting was stolen from this gin. Appellant's father lived about eleven miles from this gin, and on the 12th belting of the kind was found in a house on these premises that had been occupied by appellant up to within three days of the theft, he not having removed all of his things out of the house.

There was no error in permitting witnesses to identify the belting found at this house as the belting stolen from the gin, by the way it had been mended. The men who did the repair work say they used "carpet tacks" and this belting when found had been repaired with carpet tacks.

Neither was there error in permitting these men to testify to the value of the belting. They show to be experienced gin men; could testify to the value of this belting when new; the length of time it had been used; its probable depreciation in value from use, and its value at the time it was stolen, and no witness suggested that it was of less value than $50 when taken.

The officers testify that a search warrant had been placed in their possession to search appellant's house; that this house was pointed out to them, and they searched it and found the belting therein identified as the stolen belting; when they arrested appellant his hands were "greasy" like theirs because from handling this belting. He was arrested in the field or pasture near by, when he requested the officers to carry him to this house, where he washed his hands, changed his clothing, getting the clothing out of the house in which the belting had been found. The fact that when he changed his clothing he was

under arrest, would not render this testimony inadmissible. That this house was pointed out to the officers as appellant's house would not present error, when the record conclusively shows that he had occupied the house to within three days of the theft; that it had bedding, wardrobe and other things in the house at the time of his arrest, and his clothing was evidently also there, for he went to his house, changed his shirt, pants, etc., after his arrest, and left those he pulled off in this house. All these were circumstances in the case.

The testimony in this case was wholly circumstantial, and the defendant undertook to show his whereabouts from dark until eleven o'clock that night. The court, in an appropriate charge, submitted this issue, giving an approved charge on alibi, yet appellant could have been the person who took the belting and still been at the place where this witness placed him at the hour stated, for the belting could have been stolen at any time from three o'clock in the afternoon until day light next morning.

As defendant at the time he was arrested, or at any other time, gave no explanation of his possession of the belting, or circumstances connecting him with its theft, the court was not required to charge on possession of recently stolen property or explanation thereof, having instructed the jury fully as to the law of circumstantial evidence. The circumstances all tend strongly to show that appellant was the person who stole the property, and the court fully protected him when he instructed the jury:

"In order to warrant a conviction upon circumstantial evidence, each fact necessary to establish the guilt of the accused, must be proved by competent evidence beyond a reasonable doubt; all the facts (that is, the facts necessary to the conclusion), must be consistent with each other, and with the main facts sought to be proved; and the circumstances taken together must be of a conclusive nature, and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged.

"It is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant; they must exclude to a moral certainty every other reasonable hypothesis except the defendant's guilt and unless they do so beyond a reasonable doubt, you will find the defendant not guilty."

The judgment is affirmed.                    *Affirmed.*

[Rehearing denied April 2, 1913.—Reporter.]