ALLEN DUGAT, ALIAS C. WARE, v. THE STATE.

No. 2427. Decided October 15, 1913.

Rehearing denied November 12, 1913.

**1.—Passing Forged Instrument—Sufficiency of the Evidence.**

Where, upon trial of knowingly passing a forged instrument, the evidence sustained the conviction, there was no error.

**2.—Same—Evidence—Bills of Exception—Other Offenses.**

Upon trial of knowingly passing a forged instrument, where the defense was a mistaken identity, there was no error in admitting in evidence the passing or attempted passing by defendant of other forged instruments about the same time; besides, the bills of exception were too general to be considered on appeal. Following James v. State, 63 Texas Crim. Rep., 75, and other cases.

**3.—Same—Rule Stated—Other Offenses—Identity.**

While the rule is that independent crimes by the accused are ordinarily

inadmissible, yet where such crimes are part of the res gestae or are offered to prove identity, guilty knowledge, intent, motive, system, etc., the same are admissible in evidence. Following Melton v. State, 63 Texas Crim. Rep., 362, and other cases.

### 4.—Same—Evidence—Other Forged Instruments.

Upon trial of knowingly passing a forged instrument, there was no error in admitting testimony that the officers who arrested defendant, at the time of his arrest, found other forged instruments on his person and with his baggage, and showing the character of ink with which they had been written; besides, the bills of exception to such testimony were insufficient.

### 5.—Same—Motion to Postpone and Continue.

Where defendant went to trial, but afterwards moved to postpone or continue the case for the absence of certain witnesses, but no affidavits were attached to the motion for new trial to show that said absent witnesses would testify to what defendant claimed they would, and it further appeared from the record that defendant must have known what proof the State would make against him, there was no error in overruling his application for postponement or for continuance.

### 6.—Same—Evidence—Handwriting.

Upon trial of passing a forged check, defendant's objection to the testimony of handwriting of the various forged checks was not well taken. Following Speiden v. State, 3 Texas Crim. App., 156.

### 7.—Same—Evidence—Harmless    Error—Hotel    Register—Argument    of    Counsel.

While it was error to admit in evidence a certain hotel register as to a certain name signed therein upon a trial of knowingly passing a forged check, the same was harmless, as was the argument of counsel on same.

### 8.—Same—Charge of Court—Other Transactions—Limiting Testimony.

Where, upon trial of knowingly passing a forged check, testimony of other forged checks was introduced in evidence, which the court's charge properly limited, there was no error in the court's failure to further charge thereon; besides, the question was not properly raised on appeal.

Appeal from the District Court of McLennan.  Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of knowingly passing a forged instrument; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Ross,* for appellant.—On question of other offenses:  Long v. State, 39 Texas Crim. Rep., 537; Hinson v. State, 51 Texas Crim. Rep., 102, 100 S. W. Rep., 939; Borkman v. State, 52 S. W. Rep., 69; Johnson v. State, 50 Texas Crim. Rep., 116, 96 S. W. Rep., 45; Nunn v. State, 60 Texas Crim. Rep., 86, 131 S. W. Rep., 320; Dickey v. State, 65 Texas Crim. Rep., 374, 144 S. W. Rep., 271; Windham v. State, 59 Texas Crim. Rep., 366, 128 S. W. Rep., 1130; Smith v. State, 51 Texas Crim. Rep., 427, 105 S. W. Rep., 501, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of other offenses:  Hennessy v. State, 23 Texas Crim. App., 340; Mason v. State, 31 Texas Crim. Rep., 306; McGlasson v. State, 37 id., 620;

Mallory v. State, 37 id., 482; Branch's Criminal Law, sec. 388, and cases cited in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of knowingly passing as true a forged check or draft and his punishment fixed at four years confinement in the penitentiary.

The evidence is amply sufficient to sustain the conviction. Appellant's defense was alibi and that he was not the person who passed the forged instrument:—mistaken identity.

Appellant has several bills of exceptions. Each, in substance, is a recitation of the questions and answers to respective witnesses,—the first, in this way, containing about five pages of typewritten matter. Then follow numerous objections to the introduction of this question and answer matter. All these bills are too general to require this court to pass upon the questions attempted to be raised.

The rules for the preparation of bills of exceptions and what they must show have been established, even before this court was organized, and announced and adhered to so uniformly and so long, it is unnecessary to state or discuss them. Judge White, in his Ann. Code of Criminal Procedure, secs. 857 to 862, inclusive, and sec. 1123, has stated most of them and collated some of the decisions, up to the time of his annotations. See also James v. State, 63 Texas Crim. Rep., 75; Conger v. State, id., 312, and cases continuously down to this date.

However, even if these questions were so raised by appellant's bills that we could consider them they would present the question of whether or not, in a case of this character, when the defense is as stated, evidence of the passing or attempted passing by appellant of other forged drafts or checks, about the same time, is admissible. What we said in the case of Kaufman v. State, 70 Texas Crim. Rep., 438, 159 S. W. Rep., 60, is applicable and we quote therefrom: ·

"The rule is that independent crimes by an accused are ordinarily inadmissible; that an accused can not be convicted of the crime for which he is on trial by showing that he committed at other times like crimes. But, while this is the rule, there are exceptions to it as well established as the rule itself. In fact, such exceptions might be considered and are also rules as well established as the said rule above mentioned. These exceptions are stated by Mr. Wharton, one of the ablest law-writers in this country, in his volume 1, sec. 31, on Criminal Evidence, as follows: (1) As part of the res gestae; (2) to prove identity of person or of crime; (3) to prove scienter or guilty knowledge; (4) to prove intent; (5) to show motive; (6) to prove system; (7) to prove malice; (8) to rebut special defenses; (9) in various particular crimes. In section 35 he says: 'Evidence of collateral offenses often becomes relevant where it is necessary to prove scienter or guilty knowledge, even though the reception of such evidence might establish a different and independent offense. In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be

established by the prosecution; and evidence of collateral offenses is admissible to establish such knowledge.' Again, in section 39 he says: 'When the object is to show system, subsequent as well as prior collateral offenses can be put in evidence, and from such system identity or intent can often be shown. The question is one of induction, and the larger the number of consistent facts the more complete the induction is. The time of the collateral facts is immaterial, provided they are close enough together to indicate that they are a part of the system. In order to prove purpose and design, evidence of system is relevant; and in order to prove system, collateral and isolated offenses are admissible from which system may be inferred.' These exceptions or rules are so well established, have been so often applied and held by this court, that we think it is unnecessary to collate cases, but see Melton v. State, 63 Texas Crim. Rep., 362, 140 S. W. Rep., 230, where a few of the cases and authorities are cited. See, also, Hennessy v. State, 23 Texas Crim. App., 340, 5 S. W. Rep., 215; Mason v. State, 31 Texas Crim. Rep., 306, 20 S. W. Rep., 564; Dawson v. State, 32 Texas Crim. Rep., 535, 25 S. W. Rep., 21; 40 Am. St. Rep., 791; Pelton v. State, 60 Texas Crim. Rep., 412, 132 S. W. Rep., 480, Ann. Cas. 1912 C., 86; Long v. State, 39 Texas Crim. Rep., 545, 47 S. W. Rep., 363. It is needless to cite the many other cases on these points." In addition, we now cite 12 Cyc., 407 to 411; Wright v. State, 56 Texas Crim. Rep., 353; Hardgraves v. State, 61 Texas Crim. Rep., 325; Trimble v. State, 145 S. W. Rep., 929; Dittfurth v. State, 46 Texas Crim. Rep., 424; Childress v. State, 48 Texas Crim. Rep., 617; Hanks v. State, 55 Texas Crim. Rep., 451; Roach v. State, 47 Texas Crim. Rep., 500; Walker v. State, 49 Texas Crim. Rep., 345; Carnes v. State, 51 Texas Crim. Rep., 437; Gorman v. State, 52 Texas Crim. Rep., 327. The court correctly admitted the evidence objected to, even if the bills could be considered.

By other like defective bills appellant attempts to show and contends that the evidence by the officer who arrested him at the time of his arrest found other forged drafts or checks on his person and with his baggage, and the character of ink with which such bank checks were written, was inadmissible. Even if we could consider the bills, the evidence was properly admitted. Wright v. State, 56 Texas Crim. Rep., 353; Clark v. State, 28 Texas Crim. App., 189; Williams v. State, 27 Texas Crim. App., 466; McGee v. State, 155 S. W. Rep., 246; Serop v. State, 154 S. W. Rep., 557; Wharton v. State, 156 S. W. Rep., 1089; Windham v. State, 150 S. W. Rep., 614.

This case was called for trial and went to trial on October 14, 1912. Presumably, as the bill does not show otherwise, all of the State's witnesses who afterwards testified were then present for that purpose and appellant knew it. On October 14th one of the State's witnesses testified, in substance, that appellant passed on him a forged draft or check in El Paso, Texas. The indictment in this case charged that the offense was committed on or about July 1, 1912. The proof shows that the offense was committed on July 3, 1912, in Waco, Texas. When this

testimony was given, appellant, on the next day, made a motion to postpone or continue the case to enable him to get some witnesses from San Antonio, Texas, whom he alleged would testify that he was in San Antonio on July 5, 1912. Process at that time was issued for these witnesses but was returned showing that no such witnesses were in San Antonio or Bexar County. The amended motion for new trial was not filed, nor acted upon until some weeks after the trial. No affidavits of these witnesses, or either of them, were filed showing that they would testify to what appellant claimed they would. The record further shows that when appellant was arrested there was found on his person, or with his baggage a receipt executed to him at El Paso on July 5, 1912. He must have known that such proof would be made against him on the trial of this case. Under the circumstances no diligence whatever is shown by him to procure the attendance of said witnesses and it is improbable that such witnesses would have testified. as he claimed, even if there were such witnesses or that their testimony would probably have been true. So that the court did not err in over-ruling his said application.

The appellant's objection to the testimony of Boyd as to the hand-writing of the various forged checks or drafts, was not well taken. Speiden v. State, 3 Texas Crim. App., 156.

While we think the court erred in admitting the hotel register with Mr. Neff's name signed therein, it was not such error as should or would cause the reversal of this case. We think such an argument and illustration in argument could have been made by the county attorney before the jury without the introduction in evidence of the register with such signature. We think the case of Thomas v. State, 18 Texas Crim. App., 213, cited and relied upon, is inapplicable.

Even if the question of the failure of the court to charge the jury relative to the testimony of Bell that appellant stated to him when arrested that he had won certain forged checks, which were then found upon his person, was raised in such a way that we could consider it, the court did not err in not so charging thereon, other than what he did charge. Neither of these checks was the one with which he is charged in this case with passing. The court in his charge, to which there is no complaint, properly and fully limited the use of the testimony of the finding of the said two forged checks in possession of appellant when arrested, and, among other things, told the jury that "if you further believe from the evidence beyond a reasonable doubt that two other checks or drafts in evidence were forgeries and were found in the possession of the defendant when he was arrested in Fort Worth, Texas, and that the defendant knew said drafts or checks were forgeries, then you are charged that if you consider said testimony at all you can only do so for the purposes for which it was admitted, and it is so limited." Then tells them that it could be used by them to aid, if it did, the jury to pass upon the identity of the defendant and his system and methods, if any, and intent, if any, with which he acted with respect

to the passing of the draft or check for which he was on trial; that he could be convicted in this case only for passing, if he did, the forged instrument described in the indictment herein and on no other.

There is nothing else raised requiring discussion. The judgment will be affirmed.

*Affirmed.*

[Rehearing denied November 12, 1913.—Reporter.]