## INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. JOHN H. ING.

### Decided May 7, 1902.

**1.—Passenger Carrier—Ticket—Contract—Non Est Factum.**

Where plaintiff, suing for damages by his ejection from defendant's train, pleaded a contract embodied in a special excursion ticket as entitling him to transportation, it was not necessary to prove its execution and issuance by defendant who had filed no plea of non est factum.

**2.—Ticket—Contract.**

Excursion ticket held to embody a contract by the railway company for transportation of the holder from Austin to San Antonio, and, while perhaps not conclusive of the terms of the agreement, to be prima facie evidence of his right to ride.

**3.—Ticket—Assignability.**

A railway passenger ticket is assignable, in the absence of legislative prohibition thereof, and in this State its assignment is not prohibited unless notice that it is a penal offense to sell it is printed thereon. Rev. Stats., chap. 12a.,

**4.—Damages—Putting Off Train.**

Verdict for $502.90 held not excessive as damages, including compensation for humiliation, for wrongful ejection from a train of the holder of a valid ticket.

Appeal from Travis. Tried below before Hon. F. G. Morris.

*S. R. Fisher* (*N. A. Stedman*, of counsel), for appellant.

*Hart & Townes*, for appellee.

KEY, Associate Justice.—Appellee brought this suit against appellant for the breach of a contract and for damages resulting from his unlawful and forcible expulsion from a railway train on appellant's road. He pleaded a contract embodied in a special excursion ticket, reading thus:

> "International & Gt. Northern Railroad.
> "Special Excursion Ticket — Going Coupon.
>> "Good only on day of issue.
>> "One First Class Passage.
>> "From Austin (C) Tex.,
>> "To San Antonio, Tex.
> "Passengers will not be allowed to stop
>> off on this ticket.
>> "Issued ........ 190--.
>> "Rate Sold $1.50.
>> "One way Rate $—.
>   3367    "Form Local 6."

Stamped on back in a circle: "I. & G. N. R. R. Co., City Ticket Office, Austin, Texas, Jul. 14, 1901."

He alleged that the ticket and contract referred to were executed and issued by the defendant railroad company. The proof shows that he bought the ticket from a third person and fails to show that such person was an agent of the railroad company. However, as there was no plea of non est factum, it was not necessary for the plaintiff to prove that the defendant executed and issued the ticket. Railway v. Tisdale, 74 Texas, 8; Railway v. Campbell, 1 Texas Civ. App., 509.

We overrule the contention that the ticket referred to did not embody a contract entitling the plaintiff to transportation on appellant's railroad from Austin to San Antonio.

While some authorities go to that extent, it is not necessary and we do not hold that the ticket was conclusive of the terms of the contract between the railroad company and the person to whom the company sold the ticket. It was prima facie evidence of a right to transportation from Austin to San Antonio, and the company did not offer to prove any further agreement between it and the purchaser modifying or limiting the right thus indicated. 4 Elliot on Railroads, secs. 1596, 1601; Howard v. Railway, 61 Miss., 194; Maroney v. Railway, 106 Mass., 160; Railway v. Chisholm, 79 Ill., 584; Knight v. Railway, 56 Me., 234; Nichols v. Railway, 23 Ore., 123; Garston v. Railway, 47 N. W. Rep., 49; Hoffman v. Railway, 47 N. W. Rep., 312; Railway v. Looney, 85 Texas, 158.

As to the point in reference to the assignability of the ticket, we hold that in the absence of constitutional or statutory prohibition, or a stipulation to the contrary on the face thereof, a railroad passenger ticket is transferable and entitles the holder thereof to the rights of the original purchaser. 4 Elliot on Railroads, sec. 1599, and the cases there cited. See also some of the cases already cited. Chapter 12a of the Revised Statutes of this State attempts to regulate the sale of railroad tickets,

and, under certain circumstances, prohibits anyone, except a duly appointed agent, from making such sales. However, the statute referred to expressly declares "that the provisions of this chapter shall not apply to any person holding a ticket upon which is not plainly printed that it is a penal offense for him or her to sell, barter, or transfer said ticket for a consideration." The ticket in this case contained no such printed matter; and therefore the statute has no application, and the ticket was assignable.

On the other points presented in the briefs we rule against the appellant. Taking the plaintiff's evidence as to the manner of his expulsion from the train and the rule which prevails in this State allowing compensation for feelings of humiliation, we are not prepared to hold that the verdict for $502.90 is excessive.

The judgment is affirmed.

*Affirmed.*