## WESLEY CALENTINE v. THE STATE.

### No. 3321.    Decided May 30, 1906.

#### Theft—Information—Description—Promissory Note.

In a prosecution for the theft of a promissory note where the information described the stolen property as one promissory note of the value of $31.80, the same was insufficient on motion to quash. A promissory note is regarded as property and is the subject of theft.

Appeal from the District Court of Kimble. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of theft of a promissory note; penalty, a fine of 10 and twelve hours confinement in the county jail.

The opinion states the case.

No brief for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant made a motion to quash the complaint and information, among other things because the same does not sufficiently describe the property alleged to have been stolen. The property alleged to have been stolen is a promissory note of the value of $31.80, but it is not alleged by whom the note was executed, nor is the amount of the note stated, or its face value, the date of its execution or the date of its maturity, nor the date when it was made payable; nor do the complaint and information contain any matters of description which would enable defendant to plead either an acquittal or a conviction in bar of a subsequent prosecution for the same alleged offense. The description of the property alleged to have been stolen is, as stated in the motion to quash; that is, "one promissory note of the value of thirty-one dollars and eighty cents." We hold that this is not a sufficient description of the property. At common law a promissory note was not the subject of theft, it not being considered property, but merely the evidence or representation of property. However, under our statute, we take it, that the note would be regarded as property and is the subject of theft. But it should be sufficiently described to have put an accused person on notice as to the particular note he was alleged to have committed the theft of, and should contain such description as would constitute a bar to any subsequent prosecution for the same offense. We do not believe that the note here is sufficiently described.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.