John Patrick v. The State.

No. 3682. Decided December 19, 1906.

**1.—Theft of Railroad Tickets—Indictment—Necessary Allegations.**

Under the rules of pleading, such general allegations are advisable as will embrace or comprehend the particular property stolen; but always a sufficient description must· be given of stolen property as will advise the defendant of the charge against him, and as will furnish a bar against a future prosecution.

**2.—Same—Description of Property.**

In a prosecution for the theft of railroad tickets, the pleader should allege the name of the railroad issuing said tickets, that it was incorporated, that said tickets had been issued by the company, if such was the case; or if they had not been so issued, the facts should be stated; and if same when stolen entitled the bearer or holder to transportation, that also should be stated.

**3.—Same—Railroad Tickets—Property—Subject of Theft.**

Railroad tickets are that character of property which under the statute of this State are the subject of theft; but there is an essential difference between unissued railroad tickets and those which have been properly issued and stamped by the agent of the company. Such a ticket in the hands of the company not stamped, signed and issued, might be the subject for forgery, but not being in the shape of a token authorizing transportation thereon, could hardly be regarded as of equivalent value to a ticket issued by the company.

**4.—Same—Insufficiency of Indictment—Want of Description.**

In a prosecution for the theft of railroad tickets, where the indictment alleged that the defendant did then and there unlawfully and fraudulently take from the possession of G, six railroad tickets reading from Texarkana, Texas, to Kansas City, said tickets of the value of $14.65 each, and of the aggregate value of $87.90, the same being the corporeal personal property of and belonging to the said G, etc., was insufficient in the description of the alleged stolen property. Brooks, Judge, dissenting.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of theft of railroad tickets; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On question of insufficiency of indictment: Alexander v. State, 29 Texas, 496; Martin v.

State, 1 Texas Crim. App., 586; Lavarre v. State, 1 Texas Crim. App., 685; White v. State, 24 Texas Crim. App., 231; Hutton v. State, 38 S. W. Rep., 209; People v. Loomis, 4 Denio, 380.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was indicted for the theft of six railroad tickets, was convicted, and his punishment assessed at three years confinement in the penitentiary; hence this appeal.

Motion was made to quash the indictment, the charging part of which is, as follows: * * * "did then and there unlawfully and fraudulently take from the possession of S. M. Gibson, six railroad tickets reading from Texarkana, Texas, to Kansas City, said tickets of the value of fourteen and 65-100 dollars each, and of the aggregate value of eighty-seven and 90-100 dollars, the same being the corporeal personal property of and belonging to the said S. M. Gibson," etc. The motion to quash is based on an alleged insufficiency in the description of the stolen property. It is insisted that it should have been alleged on what road said tickets authorized transportation and should have further given the date, that said tickets were properly signed and stamped, and in a condition to be used; that is, the claim is made that enough should have been stated to have shown that the tickets had been issued by the railroad company and were property. It is further claimed that it should have also been alleged that the railroad company which issued said tickets was incorporated, etc. Besides the motion to quash, when the tickets were offered in evidence, they were objected to because, as it was claimed, said tickets were not valid when taken—that is, not in condition to be used for transportation. Railroad tickets are held by our civil courts to be property. International & G. N. Ry. v. Ing, 68 S. W. Rep., 722. This court held in Jannin v. State, 51 S. W. Rep., 1126, that railroad tickets issued by a railroad company were more properly speaking tokens authorizing the owner to be transported between certain points on such railroad or its connecting lines, and quasi property. We hold that such tickets are that character of property which under our statute is the subject of theft. We note in this particular case that said tickets when stolen were not stamped and were not dated. They were taken out of the office of the company before they were issued by the company. Three of said tickets were subsequently recovered from appellant, which were stamped, evidently with the stamp of the company to which appellant had access, but the stamp was barely legible. When the agent was pressed to state whether or not such of the tickets in the condition when taken would entitle the holder to transportation, he answered: "It was our instruction to stamp the tickets when we sold them. I cannot say a ticket not stamped would not be good to ride on. The conductor might honor a ticket for passage on the railroad not properly dated and stamped. At the time all six tickets were stolen they had

not been stamped with the stamp of the company, and whatever stamp is on the ticket now was put on there after they were stolen. and without my authority or consent." We are inclined to believe that this proof, if it does not show, at least strongly suggests, that a ticket not stamped and regularly issued by the company would be of no more value than the paper on which it was written. Evidently it was a rule of the company to require railroad tickets for the transportation of passengers to be stamped when they were sold or issued and the conductors of the company in response to such rule must have been authorized to recognize only such tickets as were properly issued by the agent of the company. Such a ticket in the hands of the company not stamped, signed and issued, might be the subject of forgery, but not being in the shape of a token authorizing transportation thereon, it could hardly be regarded as of equivalent value to a ticket issued by the company.

While what has been said may be somewhat foreign to the motion to quash the indictment, still we regard it as pertinent and relevant, as tending to show the necessity of a further description of the tickets alleged to have been stolen than was used in the indictment—that is, while these bits of paper might in general terms be regarded as railroad tickets, they were not such tickets as authorized transportation thereon, and were of no more value than so many bits of paper. When taken they unquestionably did not have the value alleged by the State. Ordinarily under the rules of pleading such general allegations are advisable as will embrace or comprehend the particular property alleged to be stolen; but always a sufficient description must be given of stolen property as will advise a defendant of the charge against him, and as will furnish a bar against a future prosecution. We do not believe the indictment here complies with this test. It was necessary here to give the thing stolen a particular description in order to indicate the particular character of property alleged to have been taken. Appellant was not apprised by the indictment that he was charged with stealing a ticket issued by any particular railroad company, and which authorized transportation between certain points by said company on its own or connecting lines. What value was given to the tickets was evidently after being taken, by the unauthorized use of the stamp of the company on the part of the appellant; and the tickets produced in evidence, while themselves possibly of value in their then condition, were not the same tickets when stolen, and at that time were not of the same value. In our view the pleader should have alleged the name of the railroad issuing said tickets, and that it was incorporated, and should have shown by allegations, if such was the case, that said tickets had been issued by the company. If they had not been so issued, the fact should have been stated. If same when stolen entitled the bearer or holder to transportation, that also should have been stated. While we are not laying down any particular form

for an indictment, we are stating principles which should govern the pleader.

We are not aware that this question has been before the courts of this State directly. In Calentine v. State, 94 S. W. Rep., 1061, we held that the allegation which described the alleged stolen property as a promissory note of the value of $31.81, was not sufficient. Some of the States hold that a general description of a railroad ticket is sufficient. Millner v. State, 15 Lea, 179. In Minnesota, an indictment in the following form was held good, "Divers and sundry genuine railroad passenger tickets prepared for sale to passengers, and after the sale thereof, the personal property of and issued by the 'St. Paul, Minneapolis, and Manitoba Railroad Company,' coupled with the further allegation that a more particular description was unknown." This was under a statute which makes it an offense against whoever steals, takes and carries away any railroad passenger ticket or tickets prepared for sale to passengers, previous to or after the sale thereof, being the personal property of any railroad company, or any other corporation, or person, is guilty, etc. In the State of Washington, it is held that an indictment charging larceny of a railroad ticket, does not allege an offense, for it fails to state that the ticket was stamped, dated and signed as otherwise the ticket would be worthless and not the subject of larceny. McCarty v. State, 1 Wash., 377; State v. Holmes, 9 Wash., 528, 37 Pac. Rep., 283. Under our system we hold that some further description of the tickets alleged to have been stolen was necessary to be set out in the indictment. It may be that the indictment was good for theft of any unissued railroad tickets, but it was certainly not good for railroad tickets that had been issued by the company and entitling the holder thereof to transportation.

It is not necessary to discuss other assignments. Because the indictment was defective, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and remanded.*

BROOKS, JUDGE.—There is no defect in the indictment, therefore I cannot agree to the opinion.