LEONARD SALTER v. THE STATE.

No. 3834. Decided November 24, 1915.

Rehearing December 22, 1915.

**1.—Murder—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence showed that the defendant and his brother acted together in the commission of the homicide, and the court submitted the various issues of murder, manslaughter, self-defense, defense of another, etc., arising from the evidence in a proper charge to the jury, and the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Charge of Court—Principals—Conspiracy.**

Where, upon trial of murder, the court correctly charged on the law of principals under the particular facts of this case, there was no error to charge on conspiracy; besides, there were no objections to the charge of the court at the time or before it was read to the jury.

**3.—Same—Charge of Court—Statements in Opinion—Requested Charges.**

Where the statements of this court with reference to the court's charges were correctly stated in the original opinion to the effect that there was no exception taken to the court's charge before it was read to the jury, there was no error, and an exception to the refusal of the court to give a requested charge is not an exception to the court's charge to its supposed errors as required by the statute; this is a different proposition.

**4.—Same—Charge of Court—Objections to Charge of Court Before it is Read.**

Where exceptions are taken to the charge of the court before being read to the jury, this must be verified in some way so as to inform this court that such procedure actually occurred; besides, there was no reversible error in the court's charge if considered.

Appeal from the District Court of Rusk. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of murder; penalty, fifteen years confinement in the penitentiary.

The opinion states the case.

*R. T. Jones, J. W. McDavid, Philip P. Long, J. G. Woolworth.* and *H. N. Nelson,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of failure to point out error in refused requested charges: Berg v. State, 64 Texas Crim. Rep., 612; Ryan v. State, 64 id., 628; Byrd v. State, 69 id., 35.

DAVIDSON, JUDGE.—Appellant was convicted of murder, his punishment being assessed at fifteen years confinement in the penitentiary.

The theory of the State was that the parties, defendant and his brother Emmett, were at the blacksmith shop, which seems to have been the property of one or both of them, and the deceased, in a wagon with his wife and children and a girl who was not his child, drove by, where they were. The defendant's theory was that there had been

trouble between the defendant and the deceased growing out of a matter of tenancy, and that on this particular morning they were there for the purpose of serving written notice on deceased to vacate the premises he was occupying, and that as they approached the deceased he fired and they returned the fire, killing the deceased and wounding his wife and all of his children. They further contend that the wounding of others than the deceased was accidental or not intentional. That they were all in range and in a wagon and that the shot scattered and struck them. The theory of the State was that the appellants went to the shop armed for the purpose of killing the deceased, and when he passed they executed their purpose. The testimony is voluminous, but this is a sufficient statement so far as is thought necessary to write.

The court submitted murder, manslaughter and self-defense, the latter being from two standpoints: First, in defense of himself against the deceased, and, second, that the part he took in the tragedy or difficulty was in defense of his brother. Also it may be stated it is claimed that his brother did the killing in defense of appellant. These matters are all in the record in one form or another. The court submitted the question, we think, in appropriate language, and in such terms as the law requires. He also submitted the law of principals, that is, if they were acting together, etc., in pursuance of a common design and purpose and did the killing, it would be murder or manslaughter, as the jury might find from the facts, and subsequent charges in regard to manslaughter. The law of threats was also given in charge. There were no exceptions taken to the court's charge at the time it was read to the jury, the only exception being found in the motion for new trial. The appellant asked one charge, which was given, submitting the issue of assault to murder. He also asked a charge with reference to conspiracy, which the court refused. We are of opinion that there was no error in refusing a charge on conspiracy in view of the charge given by the court on principals. There may be cases where the law of conspiracy ought also to be given in addition to the law of principals, or where it would be better to charge on conspirary and not on the law of principals. But under the facts of this case it occurs to us the court was right in charging on the law of principals under the peculiar facts, and having done so was not in error in refusing the charge on conspiracy. As before stated, the erroneous rulings in regard to the charge were only mentioned for the first time in the motion for new trial, and they not being of a fundamental nature, under our late statute will not be the subject of revision. But take the charge as a whole, we believe the court submitted the law correctly and did not err in refusing the special requested instructions.

The judgment, therefore, will be affirmed.

*Affirmed.*

ON REHEARING.

December 22, 1915.

DAVIDSON, JUDGE.—There is one matter presented in motion for rehearing which will be noticed. It is contended in this motion that this court erred in failing and refusing to pass upon and not sustaining first paragraph of the motion for new trial in the court below, as pointed out in his written brief on the original submission. The statement under this proposition is this: "Before the charge was read to the jury appellant objected to the portion of the charge complained of, and excepted to the overruling of his objection to the same, and also asked a special charge, which will be found on pages 25 and 26 of the transcript, and brought forward in bill of exceptions No. 5." It is also contended that the statement in the original opinion, as follows: "There were no exceptions taken to the court's charge at the time it was read to the jury," is not borne out by the record, and that a close inspection of the transcript will show an exception was made to the court's charge before it was read to the jury. We find the original opinion is correctly quoted, in stating there was no exception taken to the court's charge before it was read to the jury. Going to the bill of exceptions referred to, I think counsel misconstrued the full import of the language of the bill. If he did not, then this court did. The bill is No. 5, and is found on pages 34 and 35 of the record. It begins by stating, "Be it remembered, that upon the trial of the above entitled and numbered cause, the defendant presented to the court written instructions, as follows, towit:" Then follows the requested instruction, unnecessary to copy, which was refused by the court. Then follows this language: "Whereupon the defendant then and there in open court, and before the court read his charge to the jury, excepted to the action of the court in so refusing to give said instructions, and now tenders this his bill of exception No. 5." We are still of the opinion that there was no exception reserved to the court's charge. The exception recites that the special charge was asked and refused, and it was asked before the court's charge was read to the jury, and refused by the court, and he took exceptions to the refusal to give this special charge. This is the exact condition of the record, whatever conclusion may be reached by the court or counsel. We understand that an exception to the refusal to give a special charge is not an exception to the court's charge and its errors or supposed errors, as required by the statute. The exception to the court's charge before being read to the jury is what the statute requires. The exception to the refusal to give requested instructions is a different proposition. But this much has been written simply to keep the record straight and show the matter as it actually occurred, or as actually shown at least by the record. If there were any exceptions taken to the court's charge before it was read to the jury, there is nothing in the record to verify it, and we are not informed so far as the record is concerned that

there were any such exceptions. Of course, where exceptions are taken to the charge before being read to the jury, this must be verified in some way so as to inform this court such procedure actually occurred. Verification of matters of that sort is required. However that may be, even if an exception had been reserved to the court's charge, in addition to the exception to the refusal to give the special instruction, it would present no reversible error inasmuch as we are of opinion the court fully charged the law applicable to the case and as favorable as the facts required.

We are of opinion that the motion for rehearing shows no reason why the original opinion was wrong, and, therefore, the motion is overruled.

*Overruled.*