## No. 8853.

## MOODY v. THE PEOPLE.

1. CRIMINAL LAW—*Embezzlement,* is common law larceny extended by statute to cases where the stolen goods come into the hands of the accused without a trespass.

2. —— *Embezzlement of Writing—Information.* Where the thing embezzled is a writing it must be described with reasonable certainty, or a sufficient reason must appear for the omission of particularity. "One Bank Check of the value of" etc., "the property of" etc., held fatally insufficient.

*Error to Denver District Court, Hon. William D. Wright, Judge.*

Mr. C. A. IRWIN, Mr. EMORY S. IRWIN, for plaintiff in error.

Hon. LESLIE E. HUBBARD, attorney general; Mr. IRVING VANBRADT, assistant attorney general, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

DEFENDANT was convicted and sentenced to the penitentiary upon an information filed December 8, 1913, charging him with embezzlement. The property alleged to have been stolen is described as "one bank check of the value of $3,800.00 of the personal property of Rosa Bruggebos."

Our statute (S. L. 1907, p. 342) provides:

"Whoever fraudulently converts to his own use money, goods or property of any other person, delivered to him, which is the subject of larceny, shall be deemed guilty of larceny and punished accordingly."

Embezzlement is common law larceny extended by statute to cover cases where the stolen property comes originally into the possession of the defendant without a trespass. The word implies a fraudulent or unlawful intent. One can not honestly embezzle any more than he can honestly steal. It differs from common law larceny only in the fact that there is no trespass in the original taking, but it is stealing.

It includes all cases where one intrusts the care of his property to another, as his agent, who fraudulently appropriates it to his own use, or fraudulently misapplies it. It is made to cover a class and kind of larceny where the property stolen comes into the hands of the defendant originally with the owner's consent, and the property embezzled must be described with the same certainty as in any indictment for common law larceny, and the proof must be in accord with the description, in the absence of a statute providing otherwise.

A written instrument which is the basis of larceny must be described with reasonable certainty, or there should be an averment showing why a more particular description can not be given. This rule requires that the instrument should be so set out that it may be identified and known, or there must be an averment showing good reason for not doing so, as that it has been destroyed, or is in the possession of the defendant. 15 Cyc. 514; 18 Ency. Pl. & Pr. 827; 2 Bish. Cr. Proceed. §§ 357-367; *State v. Marion,* 235 Mo. 359; 138 S. W. 491; *State v. Barbee,* 136 Mo. 440, 37 S. W. 1119; *State v. Kroeger,* 47 Mo. 530; *Taylor v. Territory,* 2 Okl. Cr. 1, 99 Pac. 628; *Patrick v. State,* 50 Tex. Cr. R. 496, 98 S. W. 840, 123 Am. St. Rep. 861, 14 Ann. Cas. 177; *Calentine v. State,* 50 Tex. Cr. R. 154, 94 S. W. 1061, 123 Am. St. Rep. 837; *McCarty v. State,* 1 Wash. 377, 25 Pac. 299, 22 Am. St. Rep. 152; *State v. Blizzard,* 70 Md. 385, 17 Atl. 270, 14 Am. St. Rep. 366; *Langford v. State,* 45 Ala. 26; *State v. Baggerly,* 21 Tex. 757; *Bonnell v. State,* 64 Ind. 498.

"One bank check" is no more a compliance with the rule than "one check." A pleader could as well allege "one promissory note" or "one warranty deed." Where a written instrument is not the basis of the prosecution, but is only a step in the transaction, or an incident of the offense, a particular description is unnecessary, but where it is the basis of the offense, as in larceny, it must be described with sufficient certainty in the information to identify it.

The motion to quash should have been sustained.
Reversed and remanded.
Decision *en banc.*