WILLIAM GIBSON v. THE STATE.

No. 5924. Decided December 8, 1920.

1.—Robbery—Evidence—Bill of Exceptions—Identification of Defendant.

Where, upon trial of robbery, the statement in the bill of exceptions objecting to evidence with reference to the identification of defendant, failed to set out any grounds upon which the exception was made, and besides, the question was answered before an objection was made, and no request was made to exclude it thereafter, there was no reversible error; besides, the statements to which he objected were not made in the presence of a certain witness as claimed.

2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.

Where, the bill of exceptions concluded without a statement of any specific grounds of exceptions with a general statement that the action of the court in overruling the objections was error, the same cannot be considered on appeal; besides, the bill of exceptions contained a large amount of matter which was admissible, and further consisted of questions and answers of the witness, which was not in conformity to the rule. Following Dugat v. State, 72 Texas Crim. Rep., 39, and other cases.

3.—Same—Charge of Court—Objections to Charge—Caption.

Where, the paper purporting to be an objection to the court's charge in its caption was marked "refused" by the court, it indicates that the paper was not properly presented and the consideration thereof was refused.

4.—Same—Objections to Charge—Article 735, Vernon's C. C. P.

Before this court can consider an objection to the court's charge, under Article 735, Vernon's C. C. P., the same must have been made in writing and presented to the trial court before the charge of the court was read to the jury, and the record must affirmatively show such fact. Following Clay v. State, 73 Texas Crim. Rep., 78, and other cases.

5.—Same—Requested Charges—Practice on Appeal.

Where, requested charges were either covered by the court's main charge or properly refused, there was no reversible error.

6.—Same—Sufficiency of the Evidence—Alibi—Identification.

Where, upon trial of robbery, defendant pleaded an alibi but the injured party identified the defendant as one of his assailants, etc., the judgment of conviction is affirmed.

7.—Same—Words and Phrases—Opinion of Court.

Where, a statement in the original opinion to the effect that objections to the charge must be made, etc., before the verdict, instead of before the charge was read to the jury, the same is now here corrected.

8.—Same—Objections to Charge of Court—Practice on Appeal—Rehearing.

Where, appellant in his motion for rehearing insisted that the caption of the paper purporting to set forth such objections was sufficient because it recited that it contained the objections presented before the charge was read, held, that this is not a verification by the trial court of the fact of such presentation, and the same cannot be considered on appeal.

9.—Same—Bill of Exceptions—Practice on Appeal.

Where no ground of objection appears in the bill of exceptions, and there is no reference to any ground of objection in said bill, the same is insufficient for consideration on appeal.

10.—Same—Bill of Exceptions—Practice on Appeal—Stenographic Report.

Where there appeared but one objection set out in the stenographic report of the proceedings therein appearing, and this was made at a time when the question had been asked and answered, and no request appears for any instruction to the jury not to consider the answer, there is nothing to review.

Appeal from the Criminal District Court of Travis. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. D. Moore,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of identity: Perry v. State, 155 S. W. Rep., 267; Weaver v. State, 150 id., 785; Reno v. State, 56 Texas Crim. Rep., 230.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Travis County of robbery, and his punishment fixed at confinement in the penitentiary for a term of five years.

But two bills of exceptions appear in the record: Bill No. 1 sets up that while the prosecuting witness was on the stand, he was asked by the defense if he had not said at the City Hall, in the presence of Mr. Nitschke, that he could identify one Hanson as one of the two parties whom he claimed had robbed him, but could not identify the defendant, to which the witness answered, "Not that he knew of;" and said witness was then asked if he was not at the city hall on Tuesday after the arrest of the defendant. to which he replied that he was. He was then asked if "they" did not have him look at Hanson and the defendant; witness answered "yes;" and was asked if he did not tell "them" that he could identify Hanson, but could not be positive as to the defendant; to which witness replied that he gave "them" no answer. On redirect examination, the district attorney asked the witness a question, to which he replied: "Well 'they' called Mr. Hornsby over there"—Here the witness was interrupted. The witness was also asked: "Now, did 'they' ask you—anybody ask you—whether this man (the defendant) was one of the men who robbed you on Saturday night?" to which the witness replied, "'They' asked me—'they' brought me in and showed me Hanson first." He was then asked if "they" asked him with reference to this appellant, and replied, "No; if 'they' did I didn't know it; 'they' might have." Further, the witness stated that at that time he made a statement to Mr. Hornsby. Appellant thereupon objected and stated that he had not asked about Hornsby. After further parley, and without a ruling from the court, the State resumed its examination, asking the witness if Mr. Nitschke was there or not when the statement was made to Mr. Hornsby, to which the witness replied that he "could not say; that there were several officers there; that 'they' called Mr. Hornsby over there, and that he said 'which ones?,' and witness showed him Hanson and this defendant." The State's attorney then said to the witness:

"He asked you which one—which one what?" To which the witness answered, "Which one shot me and which one struck me." At this point, appellant's attorney stated that they objected to that, and proceeded to state the ground of his objection, which was substantially that to tell about Hornsby was not the matter which the defendant had inquired about, or tried to inquire about. The trial court ruled in the following language: "In view of the record, the court will permit the question;" and to this appellant stated that he took his exceptions. The witness then stated that Mr. Hornsby asked him which one shot him and that he showed him; and that he asked which one hit him, and he showed him; and that the defendant was the man who hit him. Upon a re-cross examination by appellant, the witness said that he did not know where Nitschke was at that time; that he was not right near him and Hornsby, and that his conversation with Hornsby was after witness had talked to Nitschke. This matter is thus set out at length, the bill of exceptions consisting of five pages of questions and answers, most of which seem 'to have been without objection. At the conclusion, appears the following general statement of exception:

"To which action of the court in overruling the objections of the defendant to the testimony of the witness, Schieffer, as above set out, and in permitting the same to go to the jury, the defendant, by his counsel, then and there in open court excepted, and here and now presents this, his bill of exception No. 1, and asks that the same be considered, approved and filed as a part of the record in said cause, which is accordingly done, this the 10th day of July, A. D. 1920.

JAMES R. HAMILTON,
Judge, Criminal District Court, Travis County, Texas."

This statement of exceptions is without setting forth any ground thereof, and we have reproduced this much of the matter in the bill so that we might call attention to the fact that in many cases such as this, bills have been refused consideration. Inasmuch as the recitals of this bill contain but one place where it is stated that an exception was taken, we have considered same, but observe that the question objected to had already been answered before the objection was made, and that no motion or request appears for the exclusion of the answer, and that no further objection to any subsequent questions appears in the bill; and, consequently, no error is presented. We further observe that the questions of appellant to the witness, as originally put, sought to draw out of the witness a statement made by him in the presence of Mr. Nitschke, and as the witness stated that he did not know whether the statement made by him to Hornsby was in the presence of Nitschke or not, but that there were several officers there, and that "they," presumably the officers, called Mr. Hornsby over there, and that the

statements were made at that time, it might be inferred that the statements were made in the presence of Mr. Nitschke, especially in view of the fact that Mr. Nitschke was not put upon the stand, and that no witness testified to anything that would make it appear that the statements were not made in the presence of Nitschke, and also in view of the fact that the objection of appellant, as stated in the bill, does not appear to be based upon the proposition that the statements were not made in the presence of Mr. Nitschke.

Appellant's second bill of exceptions consists of fifteen pages of questions and answers, interspersed with some fourteen or fifteen objections, many of the questions and answers apparently being admissible and no objection being made thereto. Said bill concluded without a statement of any specific grounds of exception, with the general statement as follows:

"To which action of the court in overruling the objections of the defendant to the admission of the testimony as above set out and permitting the same to go the jury, the defendant, by his cousel, then and there in open court excepted, and here and now persents this, his Bill of Exceptions No.—and asks that the same be considered, approved and filed as a part of the record in this cause, which is accordingly done this the ―― day of July, A. D. 1920."

Such a bill of exceptions cannot be considered by this Court, as same is too general, contains a large amount of matter that is admissible, and further consists of questions and answers of the witness, which we understand not to be in conformity with the rule. Dugat v. State, 72 Texas Crim. Rep., 39, 160 S. W. Rep., 376; Link v. State, 73 Texas Crim. Rep., 82, 164 S W. Rep., 987; Cabral v. State, 57 Texas Crim. Rep. 304; Ronquillo v. State, 60 Texas Crim. Rep., 27; Ortiz v. State, 68 Texas Crim. Rep., 526; Harrison v. State, 69 Texas Crim. Rep., 298.

Appellant complains of paragraph 7 of the court's charge. Examining the record with reference to this matter, we find a paper which, in its caption, purports to contain an objection to the charge, but which is marked "Refused" by the trial court. This we take to show that for some sufficient reason, the paper in question was not properly presented, and the consideration thereof was refused. Before we could consider an objection to the court's charge, under Article 735, Vernon's C. C. P., such objection must have been made in writing and presented to the trial court before the verdict, and the record must affirmatively show such fact, which is usually shown by the approval of the written objections before same is filed. Clay v. State, 73 Texas Crim. Rep., 78; Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360; Womack v. State, 74 Texas Crim. Rep., 640, 170 S. W. Rep., 179.

A number of special charges were asked, but we have examined each of same, and have concluded that all of them were either covered by the court's main charge, or properly refused, except one, which was given.

It is not claimed in the motion for a new trial that the evidence is not sufficient to support the verdict, and we omit any extended statement thereof. That the alleged injured party, a butcher in the city of Austin, was robbed, beaten and shot by the parties committing the robbery, was not disputed. Said injured party indentified appellant as one of his assailments. The defense was an alibi. The jury have found on the facts against this contention of appellant. This disposes of the matters contained in the record, and finding no error, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

December 8, 1920.

LATTIMORE, JUDGE.—Appellant presents a motion for rehearing. Among other things, attention is called to an inaccurate statement made by us in our opinion, wherein we said, speaking of objections made in the lower court to the charge, "objections must have been made in writing and presented to the trial court *before the verdict.*" We should not have used the words "before the verdict," but should have said such objections must have been presented before said charge was read to the jury.

Referring to our ruling upon his objections to the charge of the court, in which we said we could not consider the same because not properly verified, appellant insists that the caption of the paper purporting to set forth such objections is as follows: "Now comes the defendant, and before the court has read and delivered his charge to the jury, and makes the following objections to the court's charge," and the contention is made that this is sufficient, and also that the trial court endorsed on said paper "Refused" by mistake. In the Salter case, 78 Texas Crim. Rep., 325, 180 S. W. Rep., 691, it was held in an opinion written by the Presiding Judge of this Court that where exceptions are taken to the charge before being read to the jury, same must be verified in some way so as to inform this court that such procedure actually occurred. The fact that the caption of the paper purporting to contain such exceptions recites that it contains the objections presented before the harge was read, is not a verification by the trial court of the fact of such presentation, and unless there be some such verification apparent on the paper, or else we be so informed by a bill of exceptions approved as the law directs, we would be com-

pelled to hold that we could not consider the matter urged as objections to the charge.  In the instant case there is no such bill of exceptions, and as the paper purporting to contain the exceptions not only has not the approval of the trial court, but is by him marked "refused," we could not consider same.

The statement of the grounds of his exceptions to matters contained in appellant's second bill of exceptions, is quoted in full in the opinion.  As there stated, said bill contains fifteen pages of questions, answers, etc., and no ground of exception appears in the quoted part of said bill, nor is there any reference to any ground of exception as being anywhere in said bill.  It is simply stated that to the action of the court in overruling the objections above set out the defendant excepts. We are compelled to hold that such bill is not sufficient for consideration.  To hold otherwise could be easily construed into authority for reserving a bill of exception at the end of each witness' testimony, or at the conclusion of a trial, and asking this court to look through the stenographic report of the case at the end of which might appear a statement of the general exception taken by the accused to the errors committed during the trial. This court has so often laid down the requisites for bills of exception that it would not seem necessary to constantly discuss the same. See Vernon's C. C. P., art 744, Sec. 29; Secs. 208 to 211 Branch's Ann. P. C.

As to appellant's bill of exceptions No. 1, we  discussed  same  at length in our opinion, and now observe that there appears but one objection set out in the stenographic report of the proceedings therein appearing.  Said objection was made at a time when a question had been asked and answered.  No request appears in said objection for any instruction to the jury not to consider the  answer  just  made. The question having been answered, there was nothing before the court.  After the said objection was stated at length, the trial court stated that he would overrule same, and the State proceeded to  ask other questions which were answered without objection.  Appellant then again cross-examined the witness, all of which proceeding is set out in the bill, which concludes with the statement that the action  of the court in overruling the objections was excepted to. We are unable to find any error urged in the motion which we can uphold.

The motion for rehearing is overruled.

*Overruled.*