### JIMMY BENSON v. THE STATE.

No. 8569.   Delivered October 27, 1926.

**1.—Transporting   Intoxicating   Liquor — Requested   Charge — Properly Refused.**

Where, on a trial for transporting intoxicating liquor, appellant requested the trial court to instruct the jury, that it would not be a violation of the law to convey intoxicating liquor from one part of the hotel building to another.   This charge was properly refused, as such act would constitute a violation of the law.   See Benson v. State, 95 Tex. Crim. Rep. 311.

**2.—Same—Continued.**

And so was a special charge to the effect that one who transported

intoxicating liquor for accommodation, without pay, would not be guilty of transporting intoxicating liquor. There is no such provision or exemption from guilt in the statute, and the charge was properly refused.

### 3.—Same—Charge of Court—Standpoint of Defendant—Properly Refused.

Where, on a trial for transporting intoxicating liquor, appellant requested the court to charge the jury in effect that in passing upon the facts they must consider same from the standpoint of the defendant. There is no law which requires the court to so direct the jury, save where an accused is defending upon the ground of apparent danger, in which case it is proper to tell the jury that they should determine that issue from the standpoint of the defendant at the time he acted. See Lewis v. State, 89 Tex. Crim. Rep. 345.

### 4.—Same—Requested Charge—How Preserved—Rule Stated.

Where a special charge is requested and refused, the refusal of the court to give such charge must be noted on the charge itself, and that the action of the court was excepted to, or a bill of exception perfected, and brought forward, otherwise this court cannot reverse the action of the trial court on appeal. See Linder v. State, 250 S. W. 703, and Cunningham v. State, 97 Tex. Crim. Rep. 624.

### 5.—Same—Charge of Court—Exceptions To—Rule Stated.

Where an exception in writing to the court's main charge is filed it must show on its face that it was presented to the trial judge before the charge was read to the jury. The trial court must certify to this fact on the face of the instrument, in an unmistakable way, and in the absence of such certificate the matters complained of will not be considered on appeal. See Bargas v. State, 86 Tex. Crim. Rep. 217, and other cases cited in this opinion.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is in the District Court of Palo Pinto County of transporting intoxicating liquor, punishment fixed at one year in the penitentiary.

There are five bills of exception. The first complains of the refusal of a special charge wherein it was sought to have the jury told that it would not be a violation of the law to convey intoxicating liquor from one part of the hotel building to an-

other.   This is not the law.   Benson v. State, 95 Tex. Crim. Rep. 311.   The second and third bills complain of the refusal of special charges to the effect that one who transported liquor for accommodation without pay violated no law.   We find no such provision or exemption from guilt in the statute.

The fourth bill complains of the court's refusal to give appellant's special requested charge No. 4.   We think the court was justified in refusing the charge in the form presented.   After setting out what was deemed to be certain defensive issues in a manner not free from objection, the charge also contained the following, that "In passing upon this question you will consider same from the standpoint of defendant."   We are aware of no law which requires the court to direct the jury that in determining an issue of fact they must pass upon it from the standpoint of the defendant, save where an accused is defending upon the ground of apparent danger, in which case it is proper to tell the jury they should determine that issue from the standpoint of defendant at the time he acted.   Lewis v. State, 89 Tex. Crim. Rep. 345, 231 S. W. 113.   Appellant also requested special charge No. 5 which is upon the same subject as special charge No. 4.   The refusal of special charge No. 5 was not made the subject of exception by notation on the charge itself, nor by complaint of its refusal brought forward by formal bill of exception.   We are therefore unauthorized to consider said charge. Linder v. State, 250 S. W. 703, Cunningham v. State, 97 Tex. Crim. Rep. 624, 262 S. W. 491, and authorities therein collated.

The only other question raised is as to the purported objections to the court's charge.   There appears in the record a document styled, "Exceptions and objections to the court's charge."   The only indorsement or notation thereon is as follows: "10-23-23. Refused. J. B. Keith, Judge."   The caption of these purported exceptions is identical with that found in the record in Gibson v. State, — Tex. Crim. Rep. —, 225 S. W. 538, as is also the notation of the judge.   In the Gibson case relative to objections to the court's charge in such condition we said:

"Referring to our ruling upon his objections to the charge of the court, in which we said we could not consider the same because not properly verified, appellant insists that the caption of the paper purporting to set forth such objections is as follows: 'Now comes the defendant, and before the court has read and delivered his charge to the jury, and makes the following objections to the court's charge.'   And the contention is made that this is sufficient and also that the trial court indorsed on said

paper: 'Refused,' by mistake. In the Salter case, 78 Tex. Crim. Rep. 325, 180 S. W. 691, it was held, in an opinion written by the presiding judge of this court, that, where exceptions are taken to the charge before being read to the jury, same must be verified in some way so as to inform this court that such procedure actually occurred. The fact that the caption of the paper purporting to contain such exceptions recites that it contains the objections presented before the charge was read is not a verification by the trial court of the fact of such presentation, and unless there be some such verification apparent on the paper or else we be so informed by a bill we would be compelled to hold that we could not consider the matter urged as objections to the charge. In the instant case there is no such bill of exceptions, and as the paper purporting to contain the exceptions not only has not the approval of the trial court, but is by him marked, 'Refused,' we could not consider same."

The reason for the foregoing holding is obvious. Our statute (Art. 658, C. C. P. 1925 Revision) requires that objections in writing to the charge be presented to the trial court before his main charge is read to the jury. It has been so uniformly held. The fact that said objections were so presented before the reading of the main charge must be verified. The proper authority to so verify is the trial judge. Instead of approving the recitals that the objections to the charge were timely presented we have here simply the judge's notation of his refusal of what purports to be the objections. Manifestly we are not in a position to consider the objections as they appear in the present record. If the court made an incorrect notation stating that he "refused" them when he should have stated they were "allowed" his attention should have been called to the matter at the proper time for correction, but we are bound by the record as we find it. See also Bargas v. State, 86 Tex. Crim. Rep. 217, — S. W. —; Barrios v. State, — Tex. Crim. Rep. —, 204 S. W. 326; Salter v. State, 78 Tex. Crim. Rep. 325, — S. W. —; Castleberry v. State, 88 Tex. Crim. Rep. 502, — S. W. —; Clark v. State, 90 Tex. Crim. Rep. 613; Crane v. State, 91 Tex. Crim. Rep, 304; Lucas v. State, 88 Tex. Crim. Rep. 166; Norman v. State, 91 Tex. Crim. Rep. 486. In the latter case, discussing our right to consider objections which are not shown to have been presented before a main charge was read, we said:

"Nothing appears in the record to indicate that these charges were presented to the court before his main charge was read to the jury. They are simply marked 'Refused.' It is indispensa-

ble as a predicate for our review of an error assigned because of the refusal to give a special requested instruction that it be shown in some way that the charge was presented to the court in a timely manner."

Upon the same point see also Kosarek v. State, 90 Tex. Crim. Rep. 457; Greenwood v. State, 100 Tex. Crim. Rep. 576; Cantu v. State, 101 Tex. Crim. Rep. 388.

Believing the facts sufficiently show a transportation of intoxicating liquor the judgment is affirmed.

*Affirmed.*