GEORGE WATSON v. THE STATE.

No. 10827.   Delivered March 30, 1927.

1.—Theft, a Misdemeanor—Charge of Court—Objections and Exceptions— Practice on Appeal.

Where objections and exceptions were taken to the court's main charge, but the County Judge, after stating that same was presented to him "before the main charge was read to the jury," further states that the same were in all things "refused" and in no way certified his approval thereto, we are precluded from considering same on appeal. See Gibson v. State, 225 S. W. 538, and Benson v. State, 287 S. W. 1097.

2.—Same—Requested Charge—Practice on Appeal.

Where a requested charge fails to show that it was presented before the court read his main charge to the jury and before argument as required by Arts, 659-660, C. C. P., the refusal to give such special charge cannot be considered on appeal. See subdivision 11 of Vernon's annotations under Art. 659.

Appeal from the County Court of Madison County. Tried below before the Hon. W. V. Jones, Judge.

Appeal from a conviction for misdemeanor theft, the voluntary return of the stolen property being shown, the penalty is fixed at a fine of $5.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of misdemeanor theft, and his punishment assessed at a fine of $5.00.

The record discloses that the appellant was charged by information and complaint with the theft of a bed sheet valued at $2.00 from Mrs. Judy Span. It was the contention of the state that appellant stole this sheet in view of a daughter of the prosecuting witness, and that on the following morning the sheet was voluntarily returned to the owner by appellant's father and mother. The appellant defended upon the ground, and introduced evidence to that effect, that he did not take said sheet and that his father and mother did not return the alleged stolen property to the owner.

The record contains several objections and exceptions to the court's main charge, but the County Judge, after stating that same were presented to him "before the main charge was read to the jury," further states, in this connection, that the same were in all respects "refused," and officially signs same. Since the trial court refused said objections and exceptions, and in no way certified his approval thereto, we are precluded from considering same. Gibson v. State, 225 S. W. 538; Benson v. State, 287 S. W. 1097.

The appellant also complains of the refusal of the court to give his special charge to the jury requesting an instructed verdict on the ground that there was a variance between the allegations in the information and the proof with respect to the name of the injured party. We are unauthorized to consider this

special charge for the reason that it fails to show that it was presented before the court read his main charge to the jury and before the argument, as required by Arts. 659-660, C. C. P.   For collation of authorities, see subdivision (11) of Vernon's annotations under Art. 659, supra.

The only bill of exception in the record is to the action of the court in overruling appellant's motion for new trial, in which notice of appeal to this court was given, which adds nothing to the exception noted in said order.

The appellant has not furnished us with a brief, but after a careful examination of the entire record, we are of the opinion that there was no reversible error in the trial of the case and that the judgment should be affirmed, and it is accordingly so ordered.

Affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.