## J. W. MOTT V. THE STATE.

No. 10910.    Delivered June 24, 1927.

Rehearing denied October 26, 1927.

**1.—Possessing a Still, Etc.—Charge of Court—Exceptions To—Practice in Trial Court.**

Where appellant's objections and exceptions taken to the charge of the trial court do not show to have been presented to, or considered by him, this court is not authorized to consider same. See Benson v. State, 287 S. W. 1097. Art. 658, C. C. P., 1925.

**2.—Same—Charge of Court—No Error Shown.**

Where appellant excepted to the charge of the court because same did not affirmatively submit appellant's defense, and reference to the court's main charge discloses that the court did affirmatively submit appellant's defense, no error appears.

ON REHEARING.

**3.—Same—No Error Shown.**

On rehearing, we are confirmed in our original opinion that the court properly submitted appellant's defensive theory, and no error appearing the motion for a rehearing is overruled.

Appeal from the District Court of Hardin County. Tried below before the Hon. Thos. B. Coe, Judge.

Appeal from a conviction for possessing a still and equipment for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Blair & Jones* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of unlawfully possessing a still and equipment for the purpose of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The still, mash and chops were found about two hundred yards from the appellant's home in what is called a "bay-gall." The appellant was seen coming from the direction of his house, going to the still. He was traveling a narrow trail. The officers testified that they were off to one side of the trail; that they watched appellant as he came down the trail to where the still and barrels of mash were sitting; that they saw appellant open the barrels and dip into them and stir them up; that the appellant dipped out a bucketful of the chops and mash; that there were four barrels of mash there, and an iron barrel; that the cooking drum, coils and oil drums were connected together; that the four barrels of mash were covered up and sitting close together. Proof further shows that the equipment was capable of manufacturing liquor; that as the appellant started from where this still and equipment was found he carried with him a bucket of the chops; that the officers called to him, and he ran; that one of the officers shot him, and he fell.

The appellant accounted for his presence at the still by stating that he had lost a cow and was out looking for her and accidentally walked up on the still. He denied knowing it was there, and denied any ownership whatsoever of same.

We find in the record what purports to be appellant's excep-

tions and objections to the court's main charge, but same is not signed by the trial judge, and there is nothing in the record showing that said objections and exceptions were presented to or considered by him. For this reason, we are not authorized to consider same. Benson v. State, 287 S. W. 1097; Art. 658, C. C. P., 1925.

There is one bill of exception in the record, which contains an objection to the court's charge, which shows that said objection was presented to the court in a timely manner and overruled by him. This bill recites that the appellant objected to the charge for the reason that same nowhere affirmatively submitted appellant's defense. We are unable to agree with appellant's contention. Reference to the court's main charge discloses that the court did affirmatively submit appellant's defense.

The facts being amply sufficient to support the verdict, and there being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — The appellant's defensive theory was submitted to the jury in the following language:

"Now, if you find from the evidence that the defendant was out looking for his cow and accidentally came upon the still, and that the same was not in fact in his possession, as claimed by him in his evidence, you will acquit him and say by your verdict 'not guilty;' or if you have a reasonable doubt as to whether his presence at the still at the time he was arrested was accidental and that he was out looking for a cow, and in fact didn't have said still in his possession, you will resolve the doubt in favor of the defendant and say by your verdict 'not guilty'."

This is the language adopted by the court and in no substantial way deviates from that which the appellant, in his exceptions to the court's charge, suggested as appropriate.

From the testimony of the sheriff we quote:

"I saw him east of here about nine miles, about 250 yards back of his house in the bay-gall. I first saw him walking up to a still and some mash, equipment to manufacture liquor. He came up to the equipment and started to work around it. I

was something like twenty-five feet from the equipment when the defendant walked up. He walked up and started to stir some of the barrels, and after he stirred the barrels, he looked around a little and picked up some of it in a bucket, some kind of a container, and started away."

The witness described the plant and testified that it was capable of and ready for making whiskey. He said further:

"When the defendant started away, I holloed to him, and he ran, and a gun fired and he stopped."

Appellant testified that he was hunting a cow and heard a bell and followed a trail into a thicket; that upon reaching it he saw several barrels with covers on them; that he raised up one and looked in it; that it looked like California beer. He raised an old bucket that was hanging on the barrel and picked up some boards and found that it contained some stuff that looked like chops, half rotten. He turned around and walked off, going in the direction of the cow bell, when some one holloed, "Halt"; that he stopped to listen and was shot.

The appellant's theory that he came upon the still accidentally was submitted to the jury in a manner which, in our opinion, rendered it unnecessary to further elaborate upon his defensive theory.

The motion for rehearing is overruled.            *Overruled.*