## HEIDELBERG v. NEWTON. (No. 3552.)

Court of Civil Appeals of Texas. Texarkana.
May 16, 1928.

Rehearing Denied May 24, 1928.

New trial ⬅97—Defendant going to trial without requesting continuance held properly denied new trial because not given timely notice of filing of amended petition.

Where defendant announced ready for trial without requesting continuance or postponement because of plaintiff's filing of amended petition, which did not set up new facts, but changed form of remedy from suit to cancel deed of trust and notes to action for damages, his motion for new trial on ground that he was not given timely notice of filing amended petition was properly denied.

Error from District Court, Cherokee County; C. A. Hodges, Judge.

Action by Mrs. Ida Newton against S. R. Heidelberg. Judgment for plaintiff, and defendant brings error. Affirmed.

S. R. Heidelberg, of Jacksonville, in pro. per. John B. Guinn, of Jacksonville, for defendant in error.

LEVY, J. By amended petition the defendant in error sought to recover damages against plaintiff in error for wrongfully tearing down a two-story frame building purchased and about to be moved by her to another lot. The plaintiff in error had sold the building to defendant in error, who purchased it for the purpose of moving it to nearby lots she owned. The building was used as a hotel. The plaintiff in error appeared in the case and made defense, but filed no written answer. It seems that the plaintiff in error claimed that he sold the building under the express agreement that it was to be removed from the lot within 30 days, and that defendant began the removal and abandoned it, and because thereof he tore it down and removed the lumber for defendant in error's benefit and use; also that the building was not of the value claimed. Defendant in error denied the contentions of plaintiff in error.

The jury made the finding that the defendant in error undertook to remove the building to another lot, and would have done so within the time specified had the plaintiff in error not torn it down in the meantime, and that the value of the building, less the cost of removing it, was $1,250. In keeping with the verdict the court entered a personal judgment for the amount in favor of defendant in error. The plaintiff in error filed a motion for new trial, but the only ground of complaint is that he did not have timely notice of the filing of the amended petition. The amended petition, made after the first trial, seems to have been filed two days before the trial. Plaintiff in error claimed that he had no actual notice of the filing until shortly before the case was called for trial. He voluntarily announced ready for trial, without requesting continuance or postponement. The amended petition set up no new facts, but changed the form of remedy from a suit to cancel a deed of trust and notes to that of an action for damages.

Except the motion for new trial as stated, no assignments of error appear in the record or brief. This is the second appeal of the case, and the facts are set out in the reported case (Tex. Civ. App.) 292 S. W. 909.

After a careful review of the record the conclusion is reached that there is evidence to warrant the jury verdict and the judgment rendered, and as presented this court would not be warranted in disturbing the same.

Accordingly, the judgment is affirmed.