FREDDIE FULLER v. THE STATE.

No. 14219.   Delivered April 1, 1931.
Rehearing Denied April 29, 1931.

The opinion states the case.

*J. S. Bracewell* and *Chas. B. Spiner,* both of Houston, for appellant.

*O'Brien Stevens,* Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

It was uncontroverted that appellant and Cecil Dickerson took a check in the sum of $34.90 from E. E. Parker.  This check had been issued to Parker by the Hughes Tool Company.  At the time of the taking appellant and his companion exhibited a pistol.  While Parker's hands were up one of the parties took the check out of his pocket.  They thereafter cashed the check and divided the proceeds.

Appellant made a motion to quash the indictment on the ground that the check was not sufficiently described.  It was alleged in the indictment that appellant took "from the person and possession of said E. E. Parker one check of the value of $34.90, said check being a check issued by the Hughes Tool Company to E. E. Parker, the same being the property of the said E. E. Parker."  We deem this description sufficient.  In the case of Fulshear v. State, 128 S. W., 134, the appellant was charged with the theft of a certain pay check No. 1716, issued by the Texas and New Orleans Railroad, of the value of $64.47, alleged to be the property of one N. Templet.  In holding the description sufficient, Judge Ramsey, speaking for the court, said:

"Here the number of the check was given, the name of the person drawing same, the person to whom payable, and the amount of the check. It is not claimed that in fact appellant was surprised, nor can it be readily seen how in the nature of things he could have been surprised under the allegation by the production of the evidence here tendered and admitted."

In Pye v. State, 74 Texas Crim. Rep., 322, 171 S. W., 741, the writer of the opinion expressed the view that the description of the property alleged to have been stolen as "one vendor's lien note for the payment of eight thousand dollars and of the value of eight thousand dollars" was insufficient. The cases of Calentine v. State, 50 Texas Crim. Rep., 154, 94 S. W., 1061, and Patrick v. State, 50 Texas Crim. Rep., 496, 98 S. W., 840, were referred to as supporting the conclusion of the writer. A majority of the court were of the opinion that the description was sufficient. In Calentine v. State, supra, it was said: "The property alleged to have been stolen is a promissory note of the value of $31.80, but it is not alleged by whom the note was executed, nor is the amount of the note stated, or its face value, the date of its execution or the date of its maturity, nor the date when it was made payable; nor do the complaint and information contain any matters of description which would enable defendant to plead either an acquittal or a conviction in bar of a subsequent prosecution for the same alleged offense."

The description of the note was held insufficient. In Patrick v. State, supra, the description of the railroad tickets alleged to have been stolen was as follows: "did then and there unlawfully and fraudulently take from the possession of S. M. Gibson six railroad tickets, reading from Texarkana, Texas, to Kansas City, said tickets of the value of fourteen and 65/100 dollars each, and of the aggregate value of eighty seven and 91/100 dollars; the same being the corporeal personal property of and belonging to the said S. M. Gibson." This description was held insufficient.

The Patrick and Calentine Cases were, in effect, overruled in Pye v. State, supra. Later, in Holland v. State, 110 Texas Crim. Rep., 384, 10 S. W. (2d) 561, this court, speaking through Presiding Judge Morrow, held that an indictment for robbery in setting forth the property as "one check of the value of $12.35, the same being the property of the said John Long," did not sufficiently describe the property alleged to have been taken. Reference was made to the fact that in charging the offense of robbery, as in charging theft, the description of the property taken is essential. Pye v. State, supra, was, in effect, overruled. In the case of Burns v. State (Texas Crim. App.), 16 S. W. (2d) 538, it was held that in an indictment charging embezzlement the description of the property as "a certain check in the sum of $500 of the value of $500, the same being then and there the corporeal personal property of and belong-

ing to the said C. O. Harper" was insufficient. Holland v. State, supra, was cited in support of the holding.

Neither Holland's Case nor Burns' Case hold that a check when made the basis of an indictment for robbery or embezzlement should be minutely described. They go no further than to hold that the mere description of the property as a check of a certain named value is insufficient. Giving effect to the holding in such cases, we find nothing therein that militates against the sufficiency of the description in the present case. Moreover Fulshear v. State, supra, is authority for upholding the sufficiency of the indictment under consideration. Again, a more detailed description of the property in question is given than was set forth in the indictments in the Calentine and Patrick Cases. If it should be conceded that Pye v. State, supra, was, in effect, overruled in Holland's Case, the opinion is expressed that the description here is sufficient, when tested by the principles controlling. The law does not require minuteness of detail, but demands only that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. Ford v. State, 108 Texas Crim. Rep., 626, 2 S. W. (2d) 265. We do not doubt that the description in the indictment here is sufficient to meet the demands of the law.

It is appellant's contention that the court should have instructed the jury not to consider his confession if they had a reasonable doubt as to whether it was voluntarily made. We doubt whether the issue was raised. In any event the matter is not properly before us for review, in as much as appellant's objections to the charge of the court fail to show that they were presented to the court before the main charge was read to the jury. The caption of these purported exceptions is identical with that found in the record in Gibson v. State, 88 Texas Crim. Rep., 281, 225 S. W., 538, as is also the notation of the judge. In Gibson's Case speaking for the court, Judge Lattimore said:

"Referring to our ruling upon his objections to the charge of the court, in which we said we could not consider the same because not properly verified, appellant insists that the caption of the paper purporting to set forth such objections is as follows: 'Now comes the defendant, and before the court has read and delivered his charge to the jury, and makes the following objections to the court's charge.' And the contention is made that this is sufficient, and also that the trial court indorsed on said paper, 'Refused', by mistake. In the case of Salter v. State, 78 Texas Crim. Rep., 325, 180 S. W., 691, it was held, in an opinion written by the Presiding Judge of this Court, that, where exceptions are taken to the charge before being read to the jury, same must be verified in some way so as to inform this court that such procedure actually occurred. The fact that the caption of the paper purporting to contain such exceptions

recites that it contains the objections presented before the charge was read is not a verification by the trial court of the fact of such presentation, and unless there be some such vertification apparent on the paper, or else we be so informed by a bill of exceptions approved as the law directs, we would be compelled to hold that we could not consider the matter urged as objections to the charge. In the instant case there is no such bill of exception, and as the paper purporting to contain these exceptions not only has not the approval of the trial court, but is by him marked 'Refused', we could not consider same."

In Benson v. State, 105 Texas Crim. Rep., 268, 287 S. W., 1097, this court, in an opinion by Judge Hawkins, reiterated the holding in Gibson's Case. In Benson's Case, as in the case at bar, the only indorsement or notation on the purported exceptions and objections to the court's charge was the word "Refused" over the judge's signature. The caption of the purported exceptions recites the fact that appellant presented his objections to the charge of the court before said charge was read to the jury. While appellant brings forward a bill of exception wherein it is recited that he objected to the charge of the court on the ground that the issue as to whether the confession was voluntary was not submitted to the jury, it is nowhere shown in said bill that the objection was presented to the court before the charge was read to the jury.

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The appellant's motion for rehearing is overruled upon the authorities and remarks appearing in the opinion on motion for rehearing in Fuller v. State, 118 Texas Crim. Rep., 586, 37 S. W. (2d) 1037, this day decided.

*Overruled.*