FREDDIE FULLER v. THE STATE.

No. 14213.   Delivered April 1, 1931.
Rehearing Denied April 29, 1931.

The opinion states the case.

*J. S. Bracewell* and *Chas. B. Spiner,* both of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

The record is before us without a statement of facts. In the absence of a statement of facts we find one question calling for review. Appellant filed a motion to quash the indictment on the ground that the check alleged to have been taken from the injured party was not sufficiently described. An examination of the indictment discloses that the description of the check is substantially the same as that contained in the indictment in the case of Freddie Fuller v. State, 118 Texas Crim. Rep., 588, 37 S. W. (2d) 1034, this day decided. In that case we held the description sufficient.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the light of the precedents cited in the original opinion in Fuller v. State, 118 Texas Crim. Rep., 588, 37 S. W. (2d) 1034, namely, Fulshear v. State, 59 Texas Crim. Rep., 375, 128 S. W., 134; Pye v. State, 74 Texas Crim. Rep., 322, 171 S. W., S. W., 741; Calentine v. State, 50 Texas Crim. Rep., 154, 94 S. W., 1061; Patrick v. State, 50 Texas Crim. Rep., 496, 98 S. W., 840; Holland v. State, 110 Texas Crim. Rep., 384, 10 S. W. (2d) 561, the opinion is expressed that the description of the property in the indictment is sufficient. Mr. Branch, in his Ann. Tex. P. C., p. 1312, sec. 2424, citing many precedents, to some of which reference is made below, declares that a particular description of the property stolen is not required, but that a general description is sufficient; and that a written instrument need not be set out by its tenor. See Dignowitty v. State, 17 Texas, 521; Gaines v. State (Texas Crim. App.), 77 S. W., 10.

The motion for rehearing is overruled.

*Overruled.*