*C. Dewey*, for the defendants.

---

## THE STATE *v.* CLARK.

The charge in an indictment was as follows: That the defendant, on, &c., at, &c., unlawfully sold to one *J. W.* a quantity of *spiritual* liquors by retail, less than a quart, to-wit, one half-pint of *spirituous* liquor, for five cents in money, he, the defendant, not being licensed to vend *spiritual* liquors by retail; contrary, &c. *Held*, that the indictment was not bad for using the word *spiritual* instead of *spirituous*.

ERROR to the *Boone* Circuit Court.

BLACKFORD, J.—This was an indictment, which, on the defendant's motion, was quashed by the Circuit Court.

The charge in the indictment is as follows: That the defendant, on, &c., at, &c., unlawfully sold to one *James Wysong* a quantity of *spiritual* liquors by retail, less than

Nov. Term,
1852.

HAMILTON
v.
THE STATE.

a quart, to-wit, one half-pint of *spirituous* liquors for five cents in money, he, the defendant, not being licensed to vend *spiritual* liquors by retail; contrary to the statute, &c.

The only objection made to the indictment is, the use in it of the word *spiritual* instead of *spirituous*. That the grand jury, by the words spiritual liquors, meant spirituous liquors, there can be no doubt. The indictment, indeed, expressly says so; for, after charging the unlawful sale of spiritual liquors, it says, to-wit, one half-pint of *spirituous* liquors, &c. It has been held that an indictment charging that the defendant did feloniously *stal*, take, and carry away one watch, &c., was not bad merely because the word *stal* was used instead of the word *steal*. *Wills* v. *The State*, 4 Blackf, 457.

We think the objection made to the present indictment should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. J. Boone*, for the state.