MONROE LEWIS v. THE STATE.

No. 8110. Decided June 25, 1924.

Rehearing denied, November 24, 1924.

1.—Murder—Charge of Court—Shifting Burden of Proof.

After charging the jury on murder and instructing them that if they had a reasonable doubt as to appellant's guilt of murder, to acquit him of that offense, and then consider whether or not he was guilty of manslaughter. This was followed by a charge on manslaughter, objected to by appellant, on the ground that it shifted the burden of proof from the state to the defendant. The question raised and the charge in question are not different from that presented in Pitts v. State, 29 Tex. Crim. App., 374; Moore v. State, 88 Tex. Crim. Rep., 630; Allen v. State, 92 Tex. Crim. Rep., 196, in which it was held that charge of the court did not shift burden of proof on defendant.

2.—Same—Charge of Court—Isolated Facts—Not Proper.

It was in evidence that the son of the deceased was also shot at the time of the death of deceased. Appellant contends that court should have instructed jury that prosecution was not for the wounding of the son. We do not agree with appellant. There is a general rule against singling out and instructing the jury upon isolated facts. See Vernon's Tex. Crim. Stat., Vol. 2 p. 479, note 125, also p. 495, note 15, and cases cited in opinions.

3.—Same—Argument of Counsel—Legitimate Argument.

It is proper in presenting his case to the jury for counsel to comment upon and discuss within proper bounds, all facts legally before the jury. A cause will not be reversed on account of argument unless it clearly appears to this court that appellant has been injured by such argument. See authorities collated in opinion.

Appeal from the District Court of Guadaloupe County. Tried below before the Hon. E. A. Hill, Judge.

Appeal from a conviction for murder; penalty, fifteen years in the penitentiary.

*Chastain, Judkins & Chastain,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of fifteen years.

This is the second appeal. A recital of the facts will be found in the report of the former case, 231 S. W. Rep., 113.

Immediately following the several paragraphs of the charge submitting to the jury the offense of murder, the court instructed the jury that if in their minds there was a reasonable doubt as to the

appellant's guilt of murder, he should be acquitted of that offense, and they might then determine whether or not he was guilty of the offense of manslaughter. Following this is a charge of manslaughter, which is criticised as shifting the burden of proof. The question raised and the charge in question are not different from that presented in Pitts v. State, 29 Texas Crim. App., 374; Moore v. State, 88 Texas Crim. Rep., 630; Allen v. State, 92 Texas Crim. Rep., 196.

In the encounter in which the homicide took place, the son of the deceased was wounded by the appellant. It was the appellant's claim that he was assaulted by both; that the injuries inflicted were in his own defense. That part of the transaction in which the son of the deceased was wounded seems inseparably interwoven with the other facts immediately surrounding the homicide. The wounding of the son was necessarily revealed in developing the case. We are not in accord with the view urged by the appellant that this fact should have been singled out by an instruction by the court that the prosecution was not for wounding the son and that part of the testimony could not be considered. We understand that there is a general rule against singling out and instructing the jury upon isolated facts. See Vernon's Texas Crim. Stat., Vol. 2, p. 479, note 125; also p. 495, note 15; Trinkle v. State, 60 Texas Crim. Rep., 187; Hahn v. State, 73 Texas Crim. Rep., 409; Gillespie v. State, 73 Texas Crim. Rep., 585.

It seems that in arguing the case, the attorney for the private prosecution stated to the jury that the witness Ewart Mathews was shot in the back by the appellant and made a cripple for life. This argument was made the subject of objection. The facts stated were part of the *res gestae*. In our judgment, the comment upon it did not exceed the limits of legitimate argument, nor was its making so fraught with injury that when considered in connection with the verdict and record, it would demand that the conviction be annulled. In stating to the jury the facts embraced in the argument, counsel apparently added nothing to that of which the jury was aware through the legal introduction of testimony. Ordinarily, it is not beyond the scope of proper argument to comment upon facts legally before the jury. Branch's Ann. Tex. P. C., Sec. 307; Leonard v. State, 20 Texas Crim. App., 442, and other cases listed by Mr. Branch in the section mentioned. In the case of Taylor v. State, 100 S. W. Rep., 392, to which we have been referred, there appears to have been improper use made of the impeaching testimony. Such is not the case here. Not only was counsel licensed by law to mention the fact proved, but the law also sanctions proper comment upon it. Moreover, when the argument adds to the record no new facts, its effect is to be measursed by the evidence and the verdict. This principle obtains even though the remarks are of questionable propriety or transcend the

limits of lawful debate. Branch's Ann. Tex. P. C., Sec. 361, sub-division 5; Pounds v. State, 230 S. W. Rep., 683; Borrer v. State, 83 Texas Crim. Rep., 198. Considered in such light the argument is not deemed reversible.

We have examined each of the several bills of exception. We fail to find any ruling of the trial court brought forward for review warranting a reversal and are unable to conclude that the evidence does not support the verdict. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HAWKINS, JUDGE.—We have examined appellant's motion, but believe our former opinion properly disposed of the questions raised, the motion is therefore overruled.

*Overruled.*