LINO CANTU v. THE STATE.

No. 8621.   Delivered February 11, 1925.

Rehearing Granted April 1, 1925.

Rehearing Granted State October 7, 1925.

1.—Transporting Intoxicating Liquor—Charge of Court—Objections to—How Preserved.

Where objections are made to the court's charge, they must be in writing, must be presented to the Court before the charge is read to the jury, and when overruled, must show when they were presented to the trial judge, or the errors complained of will not be reviewed on appeal. Following Salte v. State, 78 Tex. Crim. Rep. 325; and numerous other cases cited.

2.—Same—Sentence—Reformed.

The sentence omitting the provisions of the indeterminate sentence law, is reformed to read that appellant will serve not less than one, nor more than

two years in the state penitentiary, and as thus reformed the judgment is affirmed.

### ON REHEARING.

**3.—Same—Allegata and Probata—Variance Fatal.**

On rehearing appellant presents a question not originally briefed, and directed to our attention. The allegations in an indictment must be, proven as alleged. Where an indictment charges transportation of "spirituous vinous and malt liquors" etc., the proof must sustain the allegation, and it is not sufficient to prove only that the liquor was intoxicating.

**4.—Same—Continued.**

The uncontradicted evidence showed that the liquor transported was "tequila" and that it was intoxicating. It was not clearly proven that "tequila" was either spirituous, vinous, or malt liquor. While it was not essential that the indictment under discussion, should have alleged that the liquor was "spirituous, vinous and malt liquor, capable of producing intoxication, having so alleged, it was incumbent on the state to support with evidence the allegation, and for failure to do this, appellant's motion for rehearing will be granted, and the cause reversed and remanded. Following Hendley v. State, 94 Tex. Crim. Rep. 40.

### ON STATE'S MOTION FOR REHEARING.

**5.—Same—Evidence—Held Sufficient.**

On the state's motion for rehearing, a careful examination of the evidence adduced on the trial, leads us to the conclusion that our opinion, reversing the cause on rehearing, on account of the state's failure to prove that "tequila" was either a spirituous, vinous, or malt liquor, was error.

**6.—Same—Continued.**

A witness testified that he knew that "tequila" was a spirituous liquor, using the word "spiritual". That he was familiar with the liquor, that he had always understood it to be a spirituous liquor, that it was intoxicating, and while on cross-examination witness admitted that he was not a chemist, and might be mistaken, we believe his testimony is sufficient to support the finding that "tequila" was a spirituous liquor, and the reversal is set aside, and the judgment of the trial court affirmed.

### CONCURRING OPINION.

**7.—Same—Jury—Province of.**

Where a contested issue is fairly presented to the jury for their determination, their findings will not be disturbed, where there is evidence to support them. The learned trial judge told the jury that if they did not believe from the evidence beyond a reasonable doubt that appellant transported "spirituous, vinous, and malt liquor, capable of producing intoxication they should acquit. We believe the jury justified in finding, that it was spirituous liquor.

**8.—Same—Subject Continued.**

In cases in which this question is a controverted one, attention of state's attorneys is called to the fact that the state maintains its chemist at Austin, whose duty it is to analize liquor, etc., sent him by officers of the state, and whose analysis given in testimony would appear to entirely satisfy the demands of our practice in the matter of proof.

Appeal from the District Court of Bee county. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*J. F. Murray,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for transportation of intoxicating liquor. Punishment is two years in the . penitentiary.

There appears in the record what purports to be objections to the charge given by the court. There is nothing to show when, if at all, they were ever presented to the court. They bear no authentication whatever of the trial judge. In such condition they cannot be considered. Salter v. State, 78 Tex. Crim. Rep. 325, 180 S. W. 691; Castleberry v. State, 88 Tex. Crim. Rep. 502, 228 S. W. 216, Rhodes v. State, 93 Tex. Crim. Rep. 574, 248 S. W. 679.

The sheriff and two of his deputies stopped a car being driven by appellant's companion. Upon being asked by the sheriff what they had appellant replied, "These are my belongings; I will show them to you right now," whereupon he pulled from the back seat of the car a loaded shotgun. The sheriff seized hold of the gun and in the scuffle over it he fell to the ground. One of the deputies fired at appellant several times with a pistol. Appellant escaped and was not arrested until two or three days later. In the car was found one hundred and twenty-four quarts of tequila. The evidence is positive that it is intoxicating.

In view of such proof we see. no occasion for giving the special charges requested defining "intoxicating liquor" and advising the jury what was meant by spirituous, vinous and malt liquor. Tucker v. State, 94 Tex. Crim. Rep. 505, 251 S. W. 1090.

We observe in passing sentence upon appellant he was not given the benefit of the "Indeterminate Sentence" law but was sentenced to the penitentiary for two years. The sentence is reformed to read that he will serve not less than one nor more than two years in the penitentiary, and as thus reformed the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.·

HAWKINS, Judge.—No brief for appellant was on file when our opinion was written, and none was presented until upon motion for rehearing. The point upon which reliance is had to reverse the judgment escaped us. The indictment charged the transportation of

"spirituous, vinous and malt liquors capable of producing intoxication." It is admitted by appellant's attorney that the proof is sufficient to show that the liquor being transported was intoxicating, but the contention is that the State having in the indictment specifically described the liquor as "spirituous, vinous and malt, was required to prove, not only that it was intoxicating, but that it was one of the particular kinds of liquor described, and that the State had failed to do this. Hendley v. State, 94 Tex. Crim. Rep. 40, 250 S. W. 174. The evidence only refers to the liquor as "tequila". one of the witnesses more than once called it "spiritual" liquor. Upon being asked what he meant by calling it "spiritual", he said he meant "it would make you drunk". There is no evidence as to what "tequila" is nor how it is made, whether distilled, brewed or fermented, and unless in the absence of such evidence this court can have judicial knowledge that "tequila" is either a spirituous, vinous or malt liquor, it appears that appellant's contention must be sustained.

"Judicial notice or knowledge may be defined as the cogizance of certain facts which judges and jurors may properly take and act upon without proof because they already know them. It is said that the term 'judicial notice' means no more than that the court will bring to its aid and consider, without proof of the facts, its knowledge of those matters of public concern which are known by all well-informed people."

Corpus Juris, §1807, Vol. 23.

"Courts may properly take judicial notice of facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence. Other common statements of the rule are that the courts will take notice of whatever is, or ought to be, generally known within the limits of their jurisdiction; and that they ought not to assume ignorance of, or exclude from their knowledge, matters which are known to all persons of intelligence."

Corpus Juris, §1810, Vol. 23.

We have failed to find any mention of "tequila" in our dictionaries, encyclopedias, or in the standard works on Intoxicating Liquors, such as Black, Joyce or Wollen and Thornton, while the ordinary intoxicants known to us as whiskey, beer and wine are frequently mentioned and discussed. Neither are we advised that information of the source and method of manufacture of "tequila" is so generally known as that it may be said to form the common knowledge of persons of ordinary intelligence. From the name we might assume that "tequila" was a Mexican liquor, and we know from the evidence it is intoxicating, but applying the rule as to judicial knowledge heretofore stated we cannot assume to know what is its source, nor

how it is made, and therefore cannot know whether it is a spirituous, vinous or malt liquor.

It was not necessary to charge an offense under the statute for the State to allege that the liquor being transported by appellant was "spirituous, vinous or malt;" other methods of description could have been resorted to under the broad terms of the law    (§1, Chap. 22, p. 53, 2d C. S. 38th Leg.) ; but having chosen to describe it as set out in the indictment we must hold that the State was bound to sustain the description by proof that the liquor came within one of the kinds designated.

Having failed to do this it follows that appellant's motion for rehearing must be granted, the order of affirmance set aside, and the judgment now be reversed and remanded.

*Reversed and remanded.*

### ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—Responding to the State's motion for rehearing, we have again reviewed the legal question presented, namely, Was the averment that the appellant did unlawfully transport spirituous, vinous and malt liquors capable of producing intoxication, supported by the evidence? Appellant's connection with the transportation of a number of bottles of tequila is well supported. It was introduced in evidence before the jury and indentified by a witness who said:

"As to what is contained in that bottle, well, sir, it's tequila, spiritual. Yes, sir, it is an intoxicating liquor. Yes, sir, I have tasted that liquor."

All the bottles identified and produced in the court room contained tequila. The witness was not a chemist. He said, however, that tequila is intoxicating. He also said:

"As to whether or not it was my intention on direct examination to testify that this liquor was spirituous, I testified that it was tequila ; that I tasted it, and I said it was spiritual. As to how I know that it was spirituous, well, that's what it is called. Tequila is the Mexican name for it; it's a spiritual drink. Well, I don't know that I can tell this court and jury what is necessary to make that become spirituous liquor; I don't know whether I can answer that or not. As to whether or not I know that it is spirituous liquor, well, I have always been taught that it was, but I couldn't say whether it is or not. No, sir, I do not know whether it is spirituous or not; I've always been taught that it was, and that's the reason I called it spiritual, because that's what I've known it to be all the time. *  *  *  I have never seen any tequila manufactured.  *  *  *  I do not know of my own knowledge whether it is spirituous or not."

"What is meant on my direct examination by saying that this liquor was spiritual was that it was intoxicating; that's what I meant

by it. No, sir, I don't know whether or not tequila is a wine. Yes, sir, I know what wine is. Well, yes, tequila might be a wine of some grade, I don't know, I couldn't answer that. At to whether or not I think that tequila might be a wine, it might be, I couldn't tell you. Whatever tequila is, whether spirituous, malt, vinous, or any other kind of liquor, you bet your boots it is intoxicating.''

In Webster's New International Dictionary, p. 2129, in the foot notes, we find the word ''tequila'' and in brackets, ''From the Tequila district, Mexico.'' ''The drink mescal.'' On page 1355 of the same book we find ''mescal'' defined thus:

''A colorless intoxicating drink distilled in Mexico from the leaves of various species of Agave, or maguey.''

From the Hendley case, 94 Tex. Crim. Rep. 40, referred to in the motion for rehearing, reference is made to Black on Intoxicating Liquor, where the term ''spirituous liquor'' is used with this comment:

''Examination of previous sections of the same chapter shows that 'spirituous liquor' is that made by the process of distillation.''

As viewed by the writer, it is not necessary to the decision of this case to make an authoritative declaration as to whether, as a matter of judicial knowledge, tequila is a spirituous liquor.

The evidence in the present case, in the opinion of the writer, is sufficient to support the finding that tequila was a spirituous liquor. Its intoxicating quality was not disputed, but on the contrary, was categorically admitted. The witness who was interrogated upon the subject was not an expert but from his knowledge of intoxicating liquor and from having tasted that in question, he gave evidence that it was spirituous liquor. In some of his testimony he called it ''spiritual.'' He was a peace officer and not skilled in language or chemistry, but had long known of tequila as a spirituous liquor. It is true that on cross-examination he declared that by the use of the word ''spiritual'', as applied to tequila, he meant that it was intoxicating. His cross-examination, we think, was not to be taken as nullifying his entire testimony or his language as detailed before the jury. To the mind of the writer, the point is analogous to cases of homicide in which the familiar practice applied to the testimony of the accused is that although on cross-examination he is led to tie himself to a given theory of defense, other theories arising from his testimony or from that of other witnesses are not excluded. Numerous applications of this rule are found in cases in which the accused has testified that his sole reason for slaying his antagonist was the fear of death. Upon appeal it has been held that, notwithstanding such testimony, the issue of manslaughter arose from his evidence. Instances are Steen v. State, 88 Tex. Crim. Rep. 257; Ward v. State, 96 Tex. Crim. Rep. 278; Lewis v. State, 265 S. W. Rep. 709.

From what has been said it follows that in the opinion of the writer, the State's motion for rehearing should be granted, the reversal set aside and the judgment of the trial court affirmed. It is so ordered.

*Affirmed.*

### CONCURRING OPINION.

LATTIMORE, Judge.—In addition to what is said in our opinion in chief on the State's motion for rehearing, we again call earnest attention of State's attorneys to the fact that in describing liquor in prosecutions for violations of the law relative thereto, it is sufficient to say it is "liquor capable of producing intoxication." If State's attorneys would not attempt to go beyond this and add unnecessary descriptive words, the trouble in the case before us and others would be obviated and the work of this court lessened. Tucker v. State, 94 Tex. Crim. Rep. 507. The allegation in the instant indictment that the liquor transported was "spirituous, vinous and malt liquor capable of producing intoxication," gives opportunity for strong contention on the part of appellant that the State, while proving without controversy that the liquor was intoxicating, failed to prove that it was either spirituous, vinous or malt liquor.

The sheriff swore in this case that the tequila found in appellant's car was "spiritual." In a liquor case this means the same is spirituous. State v. Clark, 3 Ind. 451. The word "spiritual" is given in the Century Dictionary as a synonym for "spirituous". This witness further said that he had always been taught that tequila was a spirituous liquor; that he had shown it to be such all the time; that it was intoxicating. He used other expressions in his testimony which furnished the basis for the attack by appellant upon the proof that the liquor was not in fact spirituous. The learned trial judge pointedly told the jury that if they did not believe from the evidence beyond a reasonable doubt that appellant transported spirituous, vinous or malt liquor, capable of producing intoxication, they should acquit. Upon the trial appellant categorically admitted that the tequila found in his possession was intoxicating. We believe the jury justified in concluding that it was a spirituous liquor. In cases in which this question is a controverted one, attention of the State's attorneys is called to the fact that the State maintains its State Chemist at Austin, whose duty it is to analyze liquors, etc., sent to him by officers of the State, and whose analysis given in testimony would appear to entirely satisfy the demands of our practice in the matter of making full proof.

This in addition to the opinion in chief and concurring therewith.

HAWKINS, Judge.—I regret that I am unable to concur with my Brethren in the conclusion reached that the evidence sufficiently shows

the liquor in question to be "spirituous." My views having been expressed at some length in the opinion granting appellant's motion for rehearing, it is not necessary to write further.