### ADOLPH SCHERPIG v. THE STATE.

No. 11382.   Delivered February 22, 1928.

**Murder—Charge of Court—On Manslaughter—Erroneously Omitted.**

Where, on a trial for murder, appellant claimed that he acted in his own self-defense, but the evidence also raised the issue of manslaughter, it was error to fail to submit that issue in the charge. The right of the accused to have the jury, and not the court, to pass upon whether the facts would have justified a finding of manslaughter, cannot be denied. See Steen v. State, 88 Tex. Crim. Rep. 256, and other cases cited.

Appeal from the District Court of Austin County.  Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*J. E. Edmondson* and *E. T. Branch* of Houston, for appellant. On court's failure to submit issue of manslaughter, appellant cites: Garland v. State, 291 S. W. 244; Green v. State, 58 Tex. Crim. Rep. 428; Nelson v. State, 48 Tex. Crim. Rep. 274; Williams v. State, 61 Tex. Crim. Rep. 361; McKaskle v. State, 260 S. W. 588; Bonner v. State, 29 Tex. Crim. App. 230; Rice v. State, 51 Tex. Crim. Rep. 230; Miller v. State, 52 Tex. Crim. Rep. 78; Lee v. State, 54 Tex. Crim. Rep. 385; Swain v. State, 48 Tex. Crim. Rep. 98; Ladd v. State, 48 Tex. Crim. Rep. 572; Lewis v. State, 48 Tex. Crim. 614; Pickens v. State, 86 Tex. Crim. Rep. 657, and Steen v. State, 88 Tex. Crim. Rep. 256.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder, punishment five years in the penitentiary.

The sole complaint which we notice is that the court declined to submit the law of manslaughter. This court has not seen fit to change its mind relative to the necessity of charging on manslaughter in cases whose facts properly call for a jury's decision upon that issue, since we wrote in the cases of Steen v. State, 88 Tex. Crim. Rep. 256; McKaskle v. State, 260 S. W. 588; Ward v. State, 96 Tex. Crim. Rep. 278; Lewis v. State, 98 Tex. Crim. Rep. 337; Coulter v. State, 276 S. W. 432; Garland v. State, 291 S. W. 245. We deem the facts in this case to bring it well within the rules announced in these authorities. Appellant placed reliance in his claim of self-defense, asserting that he shot deceased because the latter was attacking him with a butcher knife, following some words and conduct on the part of deceased which may have been deemed by the jury of a character insulting to the female relatives of appellant. The state vigorously combated the proposition of the use of any butcher knife by deceased, and the jury were probably warranted in finding that appellant's claim of self-defense was not well founded. We observe that they gave him the lowest penalty for the offense submitted in the charge. The right of the accused to have the jury and not the court pass upon whether the facts in a case such as this would have justified a finding in favor of the theory of manslaughter based on certain conduct, is discussed at such length and the rule announced adhered to so uniformly, in the authorities above mentioned, that we do not deem it necessary to restate the same.

For the refusal of the court to submit the law of manslaughter the judgment will be reversed and the cause remanded.

*Reversed and remanded.*